[S. F. No. 2814.    Department Two.—May 29, 1903.]

## BERNARD HAUSMANN, Respondent, v. SUTTER-STREET RAILWAY COMPANY, Appellant.

ORDER GRANTING NEW TRIAL—DISCRETION—REVIEW UPON APPEAL.—Where there is some evidence to support the plaintiff's cause of action, and affidavits of newly discovered evidence were presented by him, the trial court has discretion to grant a new trial to the plaintiff, and its order will not be disturbed upon appeal if no abuse of discretion appears.

ID.—DISCRETION OF SUCCEEDING JUDGE.—Under the law, a succeeding judge stands in the place of his predecessor and has all his rights and powers, and his discretion in granting a new trial in a case tried by his predecessor will not be disturbed, if not abused.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a new trial. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

Naphtaly, Friedenrich & Ackerman, for Appellant.

Marcus Rosenthal, for Respondent.

THE COURT.—This is an appeal by defendant from an order granting a new trial. The action was for personal injuries alleged to have been received by plaintiff while a passenger on defendant's street-railroad car. The verdict and judgment were for defendant. Plaintiff moved for a new trial upon all the statutory grounds, and it was granted,—the judge granting the motion not being the judge before whom the case had been tried. There were affidavits used on the ground of newly discovered evidence.

It may be admitted that the case made out by plaintiff was not a strong one, and that, if the new trial had been denied, on an appeal from the order denying it this court would not have disturbed the verdict, either on the ground of insufficiency of the evidence or of newly discovered evidence. Still in passing upon motions for a new trial on either of said grounds the trial court has such discretion as precludes this court from interfering, except when it clearly appears that such discretion has been abused. (*Cole* v. *Wilcox,* 99 Cal. 549; *Heintz* v. *Cooper,* 104 Cal. 668.) And in the case at bar we cannot say that there was such abuse of discretion, or that there was no evidence at all on behalf of plaintiff for the court granting the motion to consider. Moreover, we cannot say judicially that the court should have given no weight at all to the affidavits as to newly discovered evidence. The order granting the new trial might have been more satisfactory if it had been made by the judge before whom the case was tried, and who had the opportunity of hearing and seeing the witnesses; but under the law the succeeding judge stood in the place of the former and had all his rights and powers. (*Churchill* v. *Flemming,* 127 Cal. 355; *Garton* v. *Stern,* 121 Cal. 347.)

The order appealed from is affirmed.