BUCKINGHAM & HECHT v. NORTH GERMAN FIRE INS. CO. OF NEW YORK.

(Circuit Court, N. D. California. November 7, 1906.)

No. 13,956.

INSURANCE—SERVICE ON FOREIGN INSURANCE COMPANY—CALIFORNIA STATUTE.

An insurance company doing business in California where it is a foreign corporation may be served with process under Code Civ. Proc. § 411, subd. 2, which provides generally for serving foreign corporations having "a managing or business agent, cashier or secretary within the state" by delivering a copy of the process to such person, or service may be made under Pol. Code, § 616, which requires such companies to file in the office of the state insurance commissioner the name of an agent on whom service may be made, and also an agreement that, should it at any time be without such agent, process against it may be served on the commissioner; but such substituted service on the commissioner is authorized only when the company is, by resignation, revocation, or otherwise, without the agent specified in the latter section.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 33.]

On Motion to Quash Returns of Service.

Samuel C. Wiel, for plaintiff.
T. C. Coogan, for defendant.

WOLVERTON, District Judge.  The defendant insurance company was served with summons in manner as follows:  By delivering to and leaving with J. H. Ankele, "the general and statutory agent" of North German Fire Insurance Company of New York, said defendant, a copy, etc., and further by delivering to and leaving with E. Myron Wolf, as insurance commissioner of the state of California, an attested copy, together with a copy of the complaint attached.  The returns consist of two certificates of the marshal; the one showing service upon the agent and the other upon the insurance commissioner.  The defendant, appearing specially for the purpose only, has moved to quash both returns for insufficiency of service.

By section 411, subd. 2, of the Code of Civil Procedure of the state of California, service is required to be made upon a foreign corporation or a nonresident joint-stock company or association doing business and having a managing or business agent, cashier, or secretary within the state by delivering a copy thereof to such agent, cashier, or secretary.  An insurance company of another state or of a foreign country, being a corporation, is as much a foreign corporation of the state as if it was engaged in any other business, and, being a foreign corporation, I see no reason why service cannot be had upon it under section 411, if it has a managing or business agent, cashier, or secretary within the state.  It is difficult to say from his return whether the marshal intended to make service under this section or not.  If he did, the return is insufficient to show valid service.  The "general and statutory agent" is not an agent designated by the statute, but, if he were, the affidavit of Ankele shows that he was not such an agent or person upon whom service could be properly made, nor does the affidavit of Mr. Wiel help the condition.  The facts stated therein do not bring Ankele within the persons designated by the section upon whom service can be made.  See Kennedy et al. v. Hibernia Savings & Loan Society, 38 Cal. 151; Blanc v. Paymaster Mining Company, 95 Cal. 524, 30 Pac. 765, 29 Am. St. Rep. 149; Hausmann v. Sutter Street Ry. Co., 139 Cal. 174, 72 Pac. 905; Atlas Glass Co. v. Ball Bros. Glass Mfg. Co. (C. C.) 87 Fed. 418.

Service may also be made upon a fire insurance corporation under section 616 of the Political Code of California; the conditions there specified being present.  By that section the corporation must file in the office of the insurance commissioner of the state the name of the agent upon whom summons and other process may be served.  The agent so named or appointed is deemed a general agent, and must be the principal agent or chief manager of the business of such corporation within the state.  But, as a further condition precedent to doing business within the state, it must also make and file with the insurance commissioner an agreement or stipulation, in effect, that, if at any time such corporation or company shall be without an agent in said state on whom summons or other legal process may be served, service of such summons or other legal process may be made upon the insurance commissioner, such service upon the commissioner to have the same force and effect as if made upon the corporation or company.  Now, if the marshal intended by the designation "general and statutory

agent," the agent here specified, the return is even then insufficient, because it is shown by Ankele's affidavit that on June 2d of the present year he tendered his resignation as such agent, which resignation was accepted on the same day by the secretary and general manager of the company, and that thereupon the company revoked and withdrew the designation of himself as such agent, and gave notice thereof to the insurance commissioner in writing. There seems to be no provision of the statute preventing such action on the part of the company while continuing in the transaction of business within the state, but it does provide for the contingency that there may be no agent in the state upon whom service can be made, in which event the service may be made upon the insurance commissioner. I think the agent here referred to is the statutory agent provided for in section 616, and if it appears that such agency has ceased to exist, by resignation or otherwise, then that it will be proper to make the substituted service upon the commissioner. While there is such an agent, service must be had upon him, while service may at the same time be made under subdivision 2, § 411, Code Civ. Proc., if the conditions there specified are present, but when there ceases to be such an agent then substituted service may be had upon the insurance commissioner, under the stipulations and agreement of the corporation made as a condition to its doing business within the state, and this notwithstanding service may otherwise be had under section 411. So that, in order that there may be substituted service upon the insurance commissioner, the return must show in appropriate form that the corporation has no agent within the state, as is contemplated by section 616. Further than this, he is not required to show anything, or that service could not be had under section 411.

To recapitulate: An insurance company, being a foreign corporation doing business in this state, may be served under section 411, subd. 2, or, if it has filed with the insurance commissioner the name of its agent, it may also be served under section 616, but substituted service may be had upon the insurance commissioner only when the company is, by resignation, revocation, or otherwise, without the agent specified in the latter section.

The service upon the insurance company being insufficient, by reason of the want of a showing that the company was without an agent appointed under section 616, it will be quashed, but with leave to the marshal to amend in accordance with the facts.