JOSEPH GOUPIEL *v.* GRAND TRUNK RAILWAY COMPANY.

May Term, 1922.

Present:   WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed October 11, 1922.

*Master and Servant—Harmless Error—A Railroad Company Is Not An Insurer Against Accidents Occasioned by the Unwarranted Use of Torpedoes—Test of Master's Liability for Servant's Negligence.*

1.  Where defendant's motion for a directed verdict should have been plaintiff, against whom the jury rendered a verdict and by granted, any error in charge or argument, complained of by whom the case was brought on exceptions to the Supreme Court, was harmless.

2.  Where it appeared that it was necessary to keep torpedoes in the cab of the locomotive, the railroad company was not negligent in its duty to exercise a high degree of care to keep such torpedoes safely, when they were kept in a box underneath the fireman's seat, which was as safe as any place available in the cab.

3.  A railroad company is not an insurer against accidents occasioned by the unwarranted use of torpedoes, but is liable only for the negligence of its servants in keeping or handling them when that negligence consists of some act or omission within the scope of the servant's employment, and if the act or omission complained of was done or left undone to effect some purpose of the servant alone, the master is not chargeable with the negligence.

4.  In an action against a railroad company for negligence in exploding a torpedo by which plaintiff was injured, where it appeared that the engineer, with knowledge that the fireman had placed

a torpedo on the track, ran over the torpedo and exploded it solely to aid the fireman in playing a joke on the plaintiff, the railroad company was not liable, because the act complained of was not within the scope of the engineer's employment. *Affirmed.*

ACTION OF TORT under the Federal Employers' Liability Act for negligently exploding a railroad torpedo by reason of which plaintiff was injured. Trial by jury at the April Term, 1921, Essex County, *Wilson,* J., presiding. Verdict and judgment for the defendant. The plaintiff excepted. The opinion states the case.

*Amey & Cameron* and *Shields & Conant* for the plaintiff.

*John W. Redmond* for the defendant.

POWERS, J. The facts developed on the retrial of this case differ from those of the former trial as shown by *Goupiel* v. *Grand Trunk Ry. Co.,* 94 Vt. 337, 111 Atl. 346, in the following respects, only:

1. At the trial under review, there was no dispute as to where the engineer was at the time of the accident. He was in the gangway on the fireman's side of the cab.

2. At the retrial, it was agreed that torpedoes must be kept in the cab where they will be readily accessible to the fireman and head brakeman, upon whom would rest the duty of protecting the front end of the train if occasion required; that during all the time here material, torpedoes were kept in a box in the cab, the movable cover of which formed the fireman's seat; and that the engineer was the superior officer of the fireman, and of the head brakeman while he was riding in the cab.

The trial below was by jury, and the verdict and judgment were for the defendant. The plaintiff brings the case here on exceptions, which relate to the charge of the court and to the argument of defendant's counsel.

[1] At the close of the evidence, the defendant moved for a verdict on grounds that for present purposes may be summarized thus: There is no evidence tending to show negligence on the part of the defendant. This motion was overruled and

the defendant excepted.  This exception is not brought up, but the defendant rightly argues that if, as matter of law, this motion should have been granted, any error in charge or argument was harmless, and so, of course, would not work a reversal.  Such is the doctrine of *La Mountain's Admx.* v. *Rutland Railroad Co.,* 93 Vt. 21, 106 Atl. 517, and *Wood* v. *James,* 93 Vt. 36, 106 Atl. 566.

When the case was here before, two jury questions were found in the record:  (1) Did the defendant exercise the high degree of care required by the law to keep safely these dangerous instrumentalities?  (2) Did the engineer move forward the engine while acting within the scope of his employment and when he knew or ought to have known that the torpedo would thereby be exploded and the plaintiff's safety endangered?

[2]    That the first of these questions was not for the jury on the record before us seems plain enough.  By the agreement above referred to, it now appears that it was necessary to keep these torpedoes in the cab of the locomotive.  What safer place than the box under the fireman's seat was available?  None is suggested.  Nor do counsel point out what further precaution the defendant could have taken to have made impossible an accident brought about as this one was.  It must not be forgotten that the plaintiff's injuries resulted from the deliberate acts of the very servants who were intrusted with the torpedoes and who, of necessity, had to have access to them.  It is not claimed, and could not be on the record, that these servants were not competent and careful men or that the company was at fault in giving them charge of the torpedoes.  So far, then, as negligence in keeping them is involved, the evidence was insufficient to carry the case to the jury.

[3, 4]    The second question above is equally free from difficulty.  That the engineer saw the fireman when he placed the torpedo and knew what he was doing and why he was doing it is made too plain to be denied.  Indeed, it is not denied.  But the plaintiff insists that it was for the jury to say whether or not he was acting in the line of his duty when he started the engine and exploded the torpedo.  This would be so, of course, if there was any evidence fairly and reasonably tending to show it; otherwise, not.  The record admits of but one construction:  The engineer obeyed the fireman's signal and ran his engine over the

torpedo for the sole and only purpose of carrying out the joke which the fireman had planned. No purpose of the company was in any way involved in his act. He was as much outside the scope of his employment as was the fireman, whose negligence was expressly held to be outside his employment when the case was here before. The plaintiff wholly misconceives the law of our former decision. This defendant was not an insurer against accidents occasioned by the unwarranted use of these explosives. It was only liable for the negligence of its servants in keeping or handling them when that negligence consisted of some act or omission within the scope of the servant's employment. It is not enough that such act or omission occurred within the working hours of the servant, nor that he was at the time on duty. If the act or omission complained of was done or omitted to carry out some direction of the master, express or implied, in the furtherance of the work the servant was employed to do, the master is chargeable for it; if it is done or left undone to effect some purpose of the servant alone, the master is not so chargeable. *Ploof* v. *Putnam*, 83 Vt. 252, 75 Atl. 277, 26 L. R. A. (N. S.) 251, 138 A. S. R. 1085; *Goupiel* v. *Grand Trunk Ry. Co.*, 94 Vt. 337, 111 Atl. 346. If this engineer had moved forward his engine to facilitate the work of the company—as, for instance, to make it more convenient to unload freight or to switch a car out of the train—and he then knew that the torpedo was on the rail and the plaintiff was dangerously near, his negligence would have been within the scope of his employment and the defendant would be liable. But that is not the case made by the record. The sole purpose of this engineer was to explode the torpedo in order to startle the plaintiff and make him jump.

The plaintiff places much reliance on *Euting* v. *Chicago, etc., Ry. Co.*, 116 Wis. 13, 92 N. W. 358, 60 L. R. A. 158, 96 A. S. R. 936, a case cited in our former opinion. So far as then cited, that case was and is regarded as sound. But we did not then and we do not now indorse that part of the holding here relied upon. As pointed out in the former opinion, it is held in some jurisdictions that the master is an insurer when keeping and using inherently dangerous agencies in his business. It should be noted, in passing, that these cases, at least so far as they are accessible to the writer, confine the liability of the master to his own neglect or that of the servant to whom he intrusts the dan-

gerous agencies.   The Euting case should be classed with those holding the master to an absolute liability when dangerous agencies are involved.   This is made plain when it is observed that the court says that the rule applied is well stated in *Pittsburgh, C. & St. L. Ry. Co.* v. *Shields,* 47 Ohio State 387, 24 N. E. 658, 8 L. R. A. 464, 21 A. S. R. 840, quoting: ''A servant may depart from his employment without making his master liable for his negligence when outside the employment of the master; and he so departs whenever he goes beyond the scope of his employment and engages in affairs of his own.   But he cannot depart from the duty intrusted to him, when that duty regards the rights of others in respect to the employment of dangerous instruments by the master in the prosecution of his business, without making the master liable for the consequences; for the first step in that direction is a breach of the duty intrusted to him by the master, and his negligence in this regard becomes at once the negligence of the master.''   This is not the law of this jurisdiction.   It was expressly rejected in our former opinion, as it seems to have been in *Obertoni* v. *Boston & Maine Railroad,* 186 Mass. 481, 71 N. E. 980, 67 L. R. A. 422; *Galveston, H. & S. A. Ry. Co.* v. *Currie,* 100 Tex. 136, 96 S. W. 1073, 10 L. R. A. (N. S.) 367; *Sullivan* v. *Louisville & N. R. Co.,* 115 Ky. 447, 74 S. W. 171, 103 A. S. R. 330.

On the authority of our own decisions, we hold that there was no evidence tending to show negligence chargeable to the defendant and that the motion for a verdict should have been granted.   As stated above this renders harmless any trial errors here involved.

*Judgment affirmed.*