HELEN O. RUSSELL, ADM'X *v.* MARTIN PILGER ET ALS.

October Term, 1943.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed May 2, 1944.

538

*William S. Burrage* and *Frederic Parker* for the plaintiff.

*Lawrence & O'Brien* for the defendants Pilger, Sullivan, Sullivan and O'Donnell.

*A. Pearley Feen* and *Wayne C. Bosworth* for the defendant Derrick.

JEFFORDS, J. In the early part of July, 1941, a so-called milk strike was taking place in Addison County. Two of the milk producers called upon the sheriff of the county for protection in getting their milk to the plants in Vergennes to which it was to be taken. As a result of this appeal the sheriff ordered Ray Russell, a deputy sheriff, to give the requested protection. On the morning of July 3rd Russell with one of the producers went to the home of Sanford Derrick, one of the defendants in this case, who was the owner of a truck which was being used at the time for hauling milk to the plants. Russell was wearing his badge at the time. He was introduced to Derrick as a deputy sheriff and Derrick was told by Russell that he was there to accompany Derrick in the latter's truck that morning. Derrick was aware of the milk strike and that as a result of it some milk had been stopped from getting to the plants.

He was also aware of the fact that there might be some trouble getting to the plants that morning with the milk and he knew that Russell was there to protect the milk.

The truck left Derrick's home with Derrick, Russell and three other men in it. Milk in cans was picked up along the way and when the truck had received its full load Derrick took over the driving with Russell sitting on the seat with him. At a point near Vergennes the road was blocked by a parked truck. William Sullivan, one of the defendants, who was near this truck stepped out on the highway and flagged the Derrick truck which came to a stop. In addition to Sullivan there were 15 or 20 people gathered around the parked truck. Russell got out of the Derrick truck and after a few questions ordered the other truck moved. This was done and the Derrick truck started on its way. Soon after it started the defendants Martin Pilger, George and William Sullivan and Donald O'Donnell climbed over the tail board and on the truck. A scuffle took place between some of them and the two men who had been riding in the rear of the truck and some of the defendants threw milk cans from the truck. A milk producer who had not been riding in the truck got on it and joined in the scuffle.

Russell apparently got on the running board of the truck when it started, or soon after, and was on it while part at least of this melee was taking place. During the time the truck was in motion he fell from it for a cause which is here in dispute. He received injuries which soon resulted in death.

The plaintiff brought this suit for damages claiming that the death was caused by a combination of negligence on the part of defendant Derrick in the operation of the truck and an assault and battery on Russell by the other defendants. The jury returned a verdict for all the defendants and the case is here on the plaintiff's exceptions.

■ We will first consider the exceptions which relate to errors claimed to have been made during trial. The first of these is for failure of the court to charge a part of the plaintiff's request number 4. This part of the request, and in fact the whole of the same, is wholly abstract, and the plaintiff was not entitled to a literal compliance therewith, for charging abstract propositions of law is condemned. *Johnson* v. *Moore,* 109 Vt 282, 287, 196 A 246; *Green* v. *Stockwell,* 87 Vt 459, 464, 89 A 870; *State* v. *McDonnell,* 32 Vt

491, 536. Moreover, the whole request was substantially complied with by the court's statement of the subject matter thereof as related to the facts and circumstances of the case.

The only ground advanced here, or below, for error in the court's failure to grant plaintiff's eleventh request is, in effect, that it pointed out to the court a claimed error in the charge and a method of correcting it. This latter error is said to be in the court's confining the question of Derrick's negligence in the matter of the operation of his truck to his conduct in this respect at the very spot where Russell received his injury. An exception to the court's charge was taken on the ground that by the charge the jury were so limited in their consideration of this issue. An examination of the charge discloses that taken as a whole, the jury were not so restricted as the plaintiff claims. Consequently no error has been made to appear either in the charge as given in this respect or in the failure to grant said request.

█ The plaintiff's fourteenth request to charge was predicated on the supposition that Derrick had testified he looked in the side mirror of his truck after it had started the last time before the accident and did not see Russell on the truck. The plaintiff did not point out to the court below, nor here in her brief, any such testimony in the case. Thus the failure to comply with this request was not error for, as far as it has been made to appear, it was not warranted by the evidence. *Bailey* v. *Central Vt. Ry.,* 113 Vt 433, 35 A2d 365, 369.

The plaintiff excepted to the charge of the court because in stating a test for the jury in finding liability of the defendants other than Derrick the word "logical" was coupled with "natural" and "proximate" in respect to the result following from the claimed battery by these defendants. The ground of the exception was that "So long as the consequences are natural and a proximate result, such consequences do not have to be logical." In her brief the plaintiff calls our attention to other places in the charge where the court used the word "logical" but its use as above stated is the only one apparently relied upon by the plaintiff in support of this claim of error and it is clear that in the other instances it was either correctly employed or if not, the plaintiff was not harmed thereby.

█ If we assume that the law is correctly stated in the plain-

tiff's ground for the exception it is clear that the jury could not have been misled by the charge in the respect claimed. Consequently if this wording was erroneous the resulting error was harmless. An examination of the charge shows that proximate cause was correctly defined and the jury were told, in substance, that a recovery could be had if the plaintiff had proved the necessary elements in her case including proximate cause.

It may be that the lawyer and the logician differ on what is to be considered as a proximate cause in a given case. It would be nonsensical, however, to order a reversal in this case on the theory that the jury might have disregarded the true test of proximate cause as given by the court in other instances in the charge and, because of the before noted use of the word "logical", they might have adopted an erroneous test with a resulting verdict for the defendants. Vermont juries are not composed of lawyers and logicians nor, we believe we can say without fear of dispute, interested in their differences of opinion on the point in question to the extent that the subject would be debated in the jury rooms.

The plaintiff claims error in respect to certain argument by counsel for the defendants who were charged with the assault and battery. It appears that counsel had been arguing that unless the plaintiff had proved that George Sullivan struck Russell that he, Sullivan, could not be proved liable nor any of the other defendants. Counsel for the plaintiff interrupted this argument and excepted to it on the ground that there was evidence of contact between O'Donnell and Russell which the jury might find caused the injury and death. Before the court ruled on the exception, counsel for the defendants stated that the plaintiff should be required to state just which one of the defendants the plaintiff claimed assaulted Russell. The court ruled against the defendants and allowed them an exception to its ruling. Counsel for the defendants then continued his argument along the same line that he had been pursuing when interrupted. No objection was made nor exception taken to this subsequent line of argument.

■ This claim of error has no merit. Counsel for the plaintiff did not insist upon the exception originally taken. Apparently he was satisfied that the ruling of the court adverse to the defendants which was made after discussion of the matter between the court and counsel had removed any of the claimed harm in the argument,

as further argument of a similar nature was permitted without objection or exception. The court had a right to believe that counsel was so satisfied. These facts and circumstances stand as an effective bar to this claim of reversible error.

We have seen that no error has been made to appear during the trial and the judgment must be affirmed unless reversible error is shown in the court's ruling on the plaintiff's motion to set aside the verdict. This motion contained 4 grounds and was denied as a matter of law on all grounds. The plaintiff excepted to this ruling for that grounds 1, 3 and 4 of the motion were addressed to the discretion of the court and the court's ruling as a matter of law on these grounds was error and an abuse of discretion, inasmuch as the plaintiff was entitled to have the court exercise its discretion as to these grounds. The plaintiff has expressly abandoned her claim that ground number 4 is discretionary thus leaving for consideration grounds 1 and 3 which are as follows:

1. The verdict is against the weight of the evidence.

3. The verdict is the result of passion, prejudice and mistake on the part of the jury, induced in part by improper argument on the part of the defendants' attorneys and by repeated erroneous statements of the law by the defendants' attorneys in the argument of the case.

That these are discretionary grounds is not questioned. See as to the first ground *Robinson* v. *Leonard,* 100 Vt 1, 11, 134 A 706; and as to the second, *Woodhouse* v. *Woodhouse,* 99 Vt 91, 152, 153, 130 A 758, and *In re Everett's Will,* 105 Vt 291, 320, 321, 166 A 827.

■ ■ We have repeatedly held that when the trial court is properly called upon to exercise its discretion it must do so and to withhold it is error. This rule has been recently set forth in *Paul* v. *Drown,* 108 Vt 458 at 464, 189 A 144, at page 147, 109 ALR 1085. We quote fully from that case what is said on this point so as to emphasize it and make less likely that the mistake here made will be repeated. "But the trial court may not withhold its discretion when called upon to exercise it. *Bradley* v. *Blondin,* 94 VT 243, 257, 258, 110 A 309; *Lincoln* v. *C. V. Ry. Co.,* 82 Vt 187, 197, 72 A 821, 137 ASR 998. This is something to which the moving party is entitled. *Massucco* v. *Tomasi,* 80 Vt 186, 195, 67 A 551; *Ranney* v. *St. Johnsbury & L. C. R. R. Co.,* 67 Vt 594,

601, 32 A 810; *State* v. *Newell,* 71 Vt 476, 477, 45 A 1045. It is error to rule, as the trial court did in this instance, as a matter of law upon a question which requires discretionary action. *Lapoint* v. *Sage et al.,* 90 Vt 560, 565, 99 A 233; *Johnson* v. *Shumway,* 65 Vt 389, 392, 26 A 590."

The defendants do not deny that the trial court erred in ruling as it did on the motion but they say that if there was error it was harmless because if the court had in its discretion granted the motion on the grounds stated this act would have been an abuse of discretion with a resulting reversal in this Court. Defendant Derrick also claims that the error, if any, was harmless as his motion for a directed verdict should have been granted.

■ In support of his last claim, which we will now discuss, defendant Derrick relies upon *LaMountain's Admx.* v. *Rutland R. Co.,* 93 Vt 21, 106 A 517, and *Goupiel* v. *Grand Trunk Ry. Co.,* 96 Vt 191, 118 A 586, 30 ALR 690. The rule laid down in the *LaMountain* case at page 26 and approved in the *Goupiel* case is to the effect that when a defendant has made a motion for a directed verdict which has been denied and an exception taken, any subsequent error in the case against the plaintiff is rendered harmless if it should be made to appear in this Court that the motion for a verdict should have been granted and the test should be applied in this Court even though the question of the ruling on the motion is not here for review, the case being here merely on the plaintiff's exceptions. The grounds for this defendant's motion were, briefly stated (1), no evidence tending to show wilful, gross, or ordinary negligence, (2), contributory negligence and, (3), assumption of the risk.

This defendant claims here and did below that the pleadings bring the case within our so-called guest statute, P. L. 5113, so he could only be held liable if the facts warranted a finding by the jury of gross or wilful negligence on his part. The plaintiff claims the pleadings warranted the submission of the question of liability of this defendant on the issue of simple or ordinary negligence. An examination of the complaint discloses that the acts of this defendant upon which liability was predicated are variously set forth as negligent, wanton, careless and wilful. At times the defendant is charged with ordinary negligence and at other times with gross or wilful negligence. As far as the pleadings were concerned, it

would seem that the trial court would have been warranted in submitting the case either on the issue of ordinary negligence or under the guest statute. It was submitted on the former issue and an exception was taken to the failure of the court to charge that gross or wilful negligence must be shown in order to find defendant Derrick liable, but this exception is not here for review, so the issue of ordinary negligence is for our consideration.

Morever, defendant Derrick was not, in any event, entitled to the submission of his liability under P. L. 5113. This statute only applies to such occupants of motor vehicles as are guests riding gratuitously therein. It does not apply to persons who are to be considered as passengers for hire. *Shappy* v. *McGarry*, 106 Vt 466, 470, 471, 174 A 856. The undisputed facts show that although Russell was on the truck with the assent of this defendant, his status was not that of an ordinary occupant riding by invitation or permission of the driver of a car. He was there to carry out orders received from his superior to protect the milk. Derrick's pay for the use of his truck was dependent upon the amount of milk delivered to the plants. For the day in question he was paid for that which was delivered. Thus it must be considered that Derrick expected pecuniary benefit to result to him from the presence of an officer of the law on his truck during those troublesome times.

It may well be that because of this factor of pecuniary benefit Russell was a passenger for hire within the meaning of that term and thus not a guest within the purview of the statute. Blashfield Cyclopedia of Automobile Law, (1935 ed.) Sec. 2293; *Nichols* v. *Rougeau,* 284 Mass 371, 187 NE 710. But we take a broader view of the legal significance of the facts in this case. It is apparent that the purpose for the passage of P. L. 5113 was to make a recovery more difficult on the part of one who had been riding in an automobile as a gratuitous guest with no benefit, other than social, from the transportation, accruing to the owner or operator of the car. It is clear that an officer of the law who is riding in a motor vehicle in pursuance of his duty of protecting the persons in the car, the vehicle itself, or property contained therein, is not such a guest of either the owner or the operator. No reason can be advanced for the placing of an additional burden on such an officer who is attempting to recover for injuries received while so riding. Thus it is reasonable to believe that because of the necessity of the per-

formance of his duty and the resulting benefit to the owner or operator of the car the Legislature intended such an officer should have the status of a passenger for hire and thus not be required to prove gross or wilful negligence in order to recover for injuries occasioned by reason of the operation of the car.

■ Viewing the evidence in the light most favorable to the plaintiff the jury could reasonably have found that when Derrick started his truck after the other truck had been moved, he knew, or should have known, that Russell was on his (Derrick's) truck. That soon after he started his truck he knew, or should have known from the commotion he heard in the rear of the truck, and from the sound of milk cans being moved and thrown from the truck, that a disturbance of some kind was taking place in the rear of the truck and that Russell might be involved in it with some of the men who Derrick knew had come there to spill milk. That Derrick made no attempt to ascertain the cause or extent of this disturbance, but drove over a rough washboardy road for a distance of about 1000 feet, at a speed of from 35 to 40 miles per hour, before bringing his truck to a sudden jolting stop, when he heard a woman scream that a man had been killed. That about 100 feet from where he started, Derrick ran into a man who was walking in the road. From these facts the jury could reasonably have found that Derrick was guilty of actionable negligence in one or more respects alleged in the plaintiff's complaint.

Defendant Derrick contends that it should be held as a matter of law that Russell was guilty of contributory negligence and assumed the risk incident to the manner in which he was riding on the truck. He says that Russell while riding on the running board could have told Derrick to stop the truck instead of attempting to climb over the side of the truck which certain evidence tended to show that Russell did. The defendant briefs these questions as one.

Russell was not merely a passenger on the truck with no other care than his own safety. He was there as a peace officer charged at all times with the duty of seeing that the peace is kept and at the time in question charged with the special duty of protecting the milk on the truck to the end that it might be safely delivered to the plants. The carrying out of these duties might well involve danger and risk on the officer's part. A peace officer has not only the right but is bound to assume such risks as are necessary to the carrying

out of his duties as such officer. So if there was reasonable evidence in the case from which the jury could have found, under the circumstances there existing, that Russell in carrying out his duties as a peace officer did not unnecessarily assume any risks in connection with where he rode or what he did on the truck, the questions of contributory negligence and assumption of the risk were properly for the jury's determination.

The evidence tended to show that when the truck started, or soon after, Russell got on the running board. From what had occurred he had reason to believe the peace might be broken and a further attempt to interfere with the delivery of the milk might be made. The jury might well have concluded that at the start, his position on the truck afforded Russell the best vantage point from which to observe what might take place and to act if occasion required. It follows that the jury might well have found it was reasonably necessary for the officer in carrying out his duties to ride on the running board when the truck first started.

There was evidence tending to show that soon after the truck started a fight took place between the milk producers who had been in the rear of the truck and one of the defendants, with blows being struck by a blackjack which one of those in the rear of the truck had with him. Milk cans were being thrown from the truck. Russell could well have seen all of this and thus have known that the very acts were being committed which he was duty bound to prevent. The jury could have found that Russell was thus confronted with an emergency created through no fault on his part. There was evidence from which the jury could well have found that after Russell had seen what was going on in the rear of the truck he left the running board and with his club in his hand attempted to climb over the side of the rack to perform his duty. He had had no time to pause and consider. The situation demanded action at once on his part as an officer of the law. Surely the jury could reasonably have found that in so attempting to carry out his duty Russell did not unnecessarily assume any risk but acted as a competent and prudent officer of the law should and would have acted under similar circumstances.

This defendant relies upon *Worthington* v. *Central Vt. R. R. Co.,* 61 Vt 107, 23 A 590, 15 LRA 326, and *Valenti* v. *Lindner,* 340 Pa 508, 17 A2d 371, in support of his claim that Russell was

guilty of negligence as a matter of law in riding on the running board. In the former case this Court held that the riding by a passenger on the platform of a car in a train was *prima facie* evidence of negligence and that the burden of proving freedom from negligence could only be sustained by a showing that so riding was because of compulsion or necessity. The facts in that case are so different as not to make it apply here. Moreover, as we have seen, the jury could have well found that the running board was a reasonably necessary place on which to ride at the start in carrying out the officer's duty.

The Valenti case has to do with a policeman who while on traffic duty was inquired of as to the location of a hospital. He volunteered to show the driver of the car the way to it and while en route and standing on the running board was thrown off, injured, and died. It was there held that the officer was guilty of negligence as a matter of law for riding as he did but this decision is based on the fact that his obedience to duty did not require him to ride on the running board as several safe alternatives were open to him. This case is distinguishable from the present for reasons similar to those stated in distinguishing the Worthington case. The case of *Beyreut* v. *Kaplan,* 315 Pa 353, 172 A 651, 92 ALR 1515, having to do with injury to a traffic officer while carrying out his duty of protection of children is much more in point with the present case. In the Beyreut case it was held that the question of the officer's contributory negligence was for the jury. Cases other than the latter appearing in the annotation in 92 ALR at page 1520 et seq. are also in point in principle with the case at hand.

No error has been made to appear in the court's ruling denying the motion of defendant Derrick for a directed verdict.

■ We now turn to the claim made by all the defendants of harmless error in the ruling on the motion to set aside the verdict. In considering this question it is well at the outset to set forth certain rules or guides that a trial court should follow in passing upon a motion to set aside a verdict and grant a new trial. In *Lincoln* v. *C. V. Ry. Co.,* 82 Vt 187 at 197, 72 A 821, 137 Am St Rep 998, this Court said:

> "A verdict may be set aside by the trial court if it appears to have resulted from passion or prejudice or corruption or from a disregard of the evidence."

In *Rule* v. *Johnson,* 104 Vt 486 at 491, 162 A 383, it is stated:

> "There are, of course, occasional cases where it is clear that the jury has gone astray, and has been influenced by passion or prejudice, or has taken a mistaken view of the merits of the controversy, and in such a situation it is the duty of the trial court, upon proper motion to set aside the verdict and to refuse to do so will constitute an abuse of discretion."

This last statement appears in substance in *Smith* v. *Martin,* 93 Vt 111 at page 122, 106 A 666, where it is also said:

> "To allow such a verdict to stand when challenged by proper motion makes the court a party to the injustice and brings discredit upon the whole judicial system."

The rule is stated more fully in *Dewey* v. *Chicago, etc. R. Co.,* 31 Ia 373, as follows:

> "Those courts (trial courts) ought to independently exercise their power to grant new trials, and, with entire freedom from the rule which controls appellate tribunals, they ought to grant new trials whenever their superior and more comprehensive judgment teaches them that the verdict of the jury fails to administer substantial justice to the parties in the case. Whenever it appears that the jury have, from any cause, failed to respond truly to the real merits of the controversy, they have failed to do their duty, and the verdict ought to be set aside and a new trial granted."

Also see *Capital Traction Co.* v. *Hof,* 174 US 1, 19 S Ct 580, at 585, 43 L Ed 873, and *Spaulding* v. *Mutual Life Ins. Co.,* 94 Vt 42, 56, 109 A 22.

The foregoing rules and statements apply generally to the action of a trial court on a motion to set aside a verdict. We turn now to the rules which should have been applied by the trial court

in passing on the first ground of the motion, that the verdict is against the weight of the evidence.

The expression "against the weight of the evidence" means the same thing as the expressions "against the evidence" or "contrary to the evidence". *Daniels* v. *Preston,* 102 Vt 337, 339, 148 A 285.

This Court has said that it is the duty of a trial court, in the exercise of a wise judicial discretion, to set aside a verdict when the countervailing evidence so preponderates over that which tends to support the verdict that it would be an abuse of discretion to refuse to do so. *Goodwin* v. *Gaston,* 103 Vt 357, 367, 154 A 772; *Wellman* v. *Wales,* 98 Vt 437, 448, 129 A 317, and the same case, 97 Vt 245, 253, 122 A 659. It becomes necessary to an understanding of this rule to ascertain when a trial court should find that the countervailing evidence so preponderates that it would be an abuse of discretion not to set the verdict aside.

It is clear that this test does not necessarily depend upon the number of witnesses nor the volume of their testimony. It is to be fairly drawn from our cases that a trial court should so find when its judgment tells it that the verdict is clearly wrong, that whether from passion or prejudice or other reason the jury have disregarded the reasonable and substantial evidence, or have found against it, and have thus by their verdict brought about an injustice, for in such a case it would be an abuse of discretion to refuse to set the verdict aside. From *McMahon* v. *Rhode Island Co.,* 32 RI 237, 78 A 1012, Ann Cas 1912D 1223, and the cases therein relied upon, a rule is to be deduced which is substantially the same as the one just given. In that case the test of preponderance of the evidence against the verdict is based upon its failure to administer substantial justice but a verdict which renders an injustice and one which fails to administer substantial justice are one and the same in effect.

It follows, of course, that a trial court should not set aside a verdict as being against the weight of the evidence merely because of doubt as to its correctness. It is the province of the jury to settle questions of fact; and when the evidence is such that different minds would fairly and reasonably come to different conclusions thereon a trial court has no right to disturb the findings of the jury, although its view of the facts might have inclined

it to find the other way. The verdict is not lightly to be disregarded and should only be set aside when the judgment of the trial court tells it that to allow the verdict to stand would bring about an injustice. See the opinion of Justice Brewer delivered while a member of the supreme court of Kansas, in *Kansas Pac. R. Co.* v. *Kunkel,* 17 Kan 145.

When the disposition of a discretionary ground of a motion to set aside a verdict depends upon the evidence in the case it is the duty of the trial court to consider the evidence in the view most favorable to the verdict. *Woodhouse* v. *Woodhouse,* 99 Vt 91, 155, 130 A 758.

The defendants rely largely on certain statements appearing in *Lewis* v. *Roby,* 79 Vt 487, 65 A 524, 118 Am St Rep 984; *Thayer* v. *C. V. Ry. Co.,* 60 Vt 214, 13 A 859, and *Weeks* v. *Barron,* 38 Vt 420. They say that the statements contained in those cases in respect to when a new trial should not be granted apply to the action to be taken by a trial court in passing on a motion to set aside a verdict. They assert that if the trial court in the present case had followed the rules set forth in the above cases that it could not properly have set the verdict aside. All of these cases, however, have to do with petitions for new trials brought directly to this Court where we had for a basis for a determination of the questions only the written records in the cases. In passing on a motion to set aside a verdict the court which tried the case has as an aid in deciding the question the fact that it has seen and heard the witnesses testify. For this reason the rules which apply to the latter court in determining its action on the motion are not the same as those which apply here, either on petitions for new trials brought to this Court, or in deciding the correctness of a ruling below on a motion to set aside a verdict. *McMahon* v. *Rhode Island Co., supra,* and Annotation, Ann Cas 1912D 1226.

It should be noted, however, that the statements we have herein made in respect to when a trial court should or should not set aside a verdict as being against the weight of the evidence do not greatly vary from similar statements in respect to new trials contained in the three above cases relied on by the defendants.

But the rules to be applied in determining the claim of these defendants of harmless error are the rules of this Court in passing on a ruling below and not those of a trial court which

heard the case and made the ruling on the motion. We have dealt with the latter rules largely for the purpose of clarifying the same and for the additional reason of showing why they do not apply in the decision of the question before us. The exercise of discretion in passing on the question of the weight of the evidence is for the trial court alone as we have no discretionary power in the matter. *Lancour* v. *Herald & Globe Assn.*, 112 Vt 471, 483, 28 A2d 396; *Belock* v. *State Mutual Fire Ins. Co.*, 106 Vt 435, 443, 175 A 19; *Bradley* v. *Blandin*, 94 Vt 243, 257, 110 A 309. In this Court the only question for determination on review of a discretionary ruling is whether the trial court has abused its discretion. *Lancour* v. *Herald & Globe Assn.*, *supra; Platt* v. *Shields & Conant*, 96 Vt 257, 270, 119 A 520. The test we apply for abuse of discretion to a ruling below setting aside a verdict on the ground that it is against the weight of the evidence is set forth in *Belock* v. *State Mutual Fire Ins. Co.*, 106 Vt 435 at page 443, 175 A 19, as follows:

> "We will not disturb a ruling by which a verdict has been set aside, as contrary to the weight of the evidence, merely because the evidence preponderates in its favor; to justify our interference it must appear that the evidence is so strongly in its favor as to leave no reasonable basis for a contrary verdict. We are bound to indulge every reasonable presumption in favor of the ruling, bearing in mind that the trial court was in the better position to determine the question."

Similar rules prevail in other jurisdictions. See cases cited in notes 38, 39, and 41 in 5 CJS, Appeal and Error, at pages 532 and 533.

Unless the distinction between the rules applying to appellate and trial courts in passing on motions to set aside verdicts is understood it might appear that we contradict ourselves when we say we will not disturb a ruling below setting aside a verdict as contrary to the weight of the evidence merely because the evidence preponderates in its favor. But when that distinction is understood and kept in mind all difficulty in this respect disappears. In this Court we have the right to, and do start with the presumption that

the trial court in its judgment has decided that the real weight of the evidence, its true preponderance, taken as a whole, is against the verdict and that the verdict fails to administer substantial justice. We also presume that because of this judgment the trial court has exercised its discretion and, on motion, set the verdict aside. In this Court we have only the record upon which to base our determination of whether there has been an abuse of discretion. It may seem to us from the record that the evidence tends to preponderate in favor of the verdict because of the greater number of the witnesses for the party in whose favor the verdict was returned, or from the volume of their testimony, or even its quality. But what may appear from the record in the way of preponderance may not at all be the true fact of the matter. The trial court has seen and heard the witnesses testify. It may have well decided that the true weight of the evidence is against the verdict. We are bound to indulge every reasonable presumption in favor of the ruling. Consequently we should continue to believe that this presumption is correct until it is apparent that there is no basis for the ruling. This situation occurs when "it appears from the record that the evidence is so strongly in its favor as to leave no reasonable basis for a contrary verdict."

The question is then, assuming the trial court had in its discretion set aside the verdict, can we say this would have been an abuse of discretion and thus reversible error because there is no evidence in the case to form a reasonable basis for the verdict for the plaintiff.

Both of the Sullivans, Pilger and O'Donnell admitted getting on the truck for the purpose of stopping the milk from arriving at the plants. All of these defendants with the exception of William Sullivan admitted throwing cans of milk from the truck. William admitted that he intended to do this but was deterred when he thought that Kenneth Hallock, one of those riding in the rear of the truck with the milk, was reaching for a blackjack which he had. Then he (Sullivan) engaged in a scuffle with Hallock which was later participated in by others. Two girls who were riding in a car which had been following the truck testified that they saw Pilger take Russell's club away from him and then saw George Sullivan strike Russell when the officer was climbing over the rack of the truck. There was other testimony in the case from which the jury

could reasonably have found that Russell was at one time or another on the rack or attempting to climb over it. The defendants' testimony was to the effect that none of them struck Russell. George Sullivan specifically denied that he struck Russell. It is also true, as claimed by these defendants, that matters were brought out on cross examination which tended to weaken the testimony of the two girls above referred to but we cannot say from the record before us that there was no evidence in the case of the necessary quality to form a reasonable basis for a verdict for the plaintiff. The question of the credibility of the two girls and of the defendants was for the jury. We do not weigh the evidence. *Putnam* v. *Woodward*, 111 Vt 39, 41, 10 A2d 186. From the record the jury could reasonably have found that George Sullivan struck Russell and that the other defendants aided or countenanced the commission of the tort which would make them equally liable with him. *Giguere* v. *Rosselot*, 110 Vt 173, 182, 3 A2d 538; *Mack* v. *Kelsey*, 61 Vt 399, 401, 17 A 780; *State* v. *Orlandi*, 106 Vt 165, 171, 170 A 908.

In our treatment of defendant Derrick's motion for a directed verdict we have reviewed to some extent the evidence bearing on the question of his negligence. In our discussion of this point we treated the evidence in the light favorable to the plaintiff and we should so treat it in determining whether a setting aside of the verdict would have been an abuse of discretion. We have already seen that the evidence so viewed would have afforded a reasonable basis for a verdict for the plaintiff.

The defendants rely upon *Mullett* v. *Milkey,* 113 Vt 42, 46, 29 A2d 806, and *Lancour* v. *Herald & Globe Assn.,* 112 Vt 471, 477, 28 A2d 396, in support of their claim that in considering the question of whether the lower court would have been warranted in setting aside the verdict any doubt regarding the evidence is to be resolved in favor of the verdict. The defendants in support of their claim of harmless error recite the evidence as viewed in the light most favorable to them. The Mullett and Lancour cases and the cases therein cited had to with motions to set aside verdicts which had been denied. Thus it was necessary in those cases for us to determine whether there was evidence to afford a reasonable basis upon which the verdict could stand. *Belock* v. *State Mutual Fire Ins. Co.,* 106 Vt 435, 443, 175 A 19. It was proper on this

question that we should consider the evidence in a light favorable to the verdict. Here we are dealing with a supposed ruling setting the verdict aside. We will not disturb this ruling as being an abuse of discretion unless there is no evidence in the case to afford a reasonable basis for a contrary verdict. In determining whether there is such a basis the evidence must be viewed, not in the light favorable to the verdict, but in the light favorable to the ruling below. *Gamble* v. *Keyes,* 39 SD 592, 166 NW 134; 5 CJS 525. Consequently we have had no occasion to view the evidence in the light favorable to the defendants, or any of them.

Defendant Derrick says that under the rule laid down in *Skoll* v. *Cushman,* 111 Vt 160, 164, 13 A2d 180, 181, the plaintiff here cannot claim there was no question on the evidence for the jury, as she made no motion for a directed verdict and did make requests which related to the evidence in the case. But the rule in that case does not apply here. There the ground of the motion to set aside the verdict presented a question of law. We held that "a party who has conducted the trial of his case upon the theory that the evidence against him has made an issue for the jury, and has permitted it to be submitted to the jury upon that theory, without objection, cannot, at least as a matter of right, avail himself, by a motion to set aside an adverse verdict, of a claim that such verdict was without evidentiary support and should as a matter of law have been in his favor". In the present case the plaintiff does not claim by her motion that there is no evidence to support the verdict. She maintains that the weight of the evidence is against it. She does not assert her claim to have the verdict set aside as a matter of law, or of right, but asks the court as a matter of discretion to grant her motion. It should be noted that in the Skoll case the question of whether the trial court might in its discretion have granted the motion as there made is left open.

 There is a clear distinction between grounds of a motion to set aside a verdict which present questions of law, and thus ordinarily to be presented as a matter of right, and grounds which are addressed to the trial court's discretion. See *Collins* v. *Fogg,* 110 Vt 465, 470, 8 A2d 684, and cases cited. It may well be that a party's evidence makes a case for the jury while it is so outweighed by the countervailing evidence that, in the exercise of its discretion, the trial court should not hesitate to set aside a verdict in his

556

favor. *Bradley* v. *Blandin,* 94 Vt 243, 257, 258, 110 A 309; *Belock* v. *State Mutual Fire Ins. Co.,* 106 Vt 435, 442, 175 A 19; also see *Metropolitan R. Co.* v. *Moore,* 121 US 558, 7 S Ct 1334, 30 L Ed 1022. Thus there is no inconsistency in a party's failure to move for a directed verdict and his action in moving to have the verdict set aside as being against the weight of the evidence.

We have seen that there is evidence in the case to have afforded a reasonable basis for a verdict for the plaintiff against all of the defendants and it follows that we cannot say if the trial court, in the exercise of its discretion, had set the verdict aside on the ground that it was against the weight of the evidence there would have been an abuse of discretion.

The claimed improper argument on which the plaintiff relies in support of her other ground of the motion to set aside the verdict is that made by counsel for defendant Derrick. This argument does not appear in the transcript at the place where objection was made to it but the court stated in its charge what it was and the court's statement is not challenged by any of the defendants. The argument as so stated was, "that this plaintiff should have looked to the State of Vermont for compensation for the damage which arose out of the death of Ray Russell". After the objection the court ruled that the argument was improper and allowed an exception to counsel for Derrick to this ruling. Whereupon counsel for the other defendants stated that he joined with the other counsel in the belief that the argument was proper and should be pursued and also asked for an exception to the ruling, which was granted. Thus our holdings on this question properly apply to all the defendants.

That the argument was improper is not denied, nor could it well be, as no obligation rested on the plaintiff to look to the State for compensation. She had the right to have her claim litigated in the forum she had chosen and the further right not to have instilled in the minds of the jurors the thought that she had chosen the wrong forum.

The claim of the defendants that the plaintiff has no standing in respect to error from this argument is based largely on the fact that the plaintiff took no exception to the argument. The lack of an exception to this argument would prevent the raising of the issue of its impropriety as a matter of law. However,

this does not deprive such argument of evidentiary value upon the issues raised by the motion to set the verdict aside. *Woodhouse* v. *Woodhouse,* 99 Vt 91, 152, 130 A 758. In the case of *In re Everett's Will,* 105 Vt 291, at page 321, 166 A 827, at page 839, this Court said:

> "We held in *Woodhouse* v. *Woodhouse,* 99 Vt 91, 152, 130 A 758, that under a motion of this nature improper or inflammatory argument, although not excepted to at the time, has evidentiary value the effect of which it is the duty of the trial court to consider, along with all the other circumstances of the trial. But the weight to be given it is for the court, as triers of the fact, to determine."

It should be noted that in the Everett case even though no objection was made to the argument the question of whether the trial court should have set aside the verdict because of it was considered.

In the present case the court not only ruled when objection was made that the argument was improper but also in its charge to the jury made statements to this effect at some length. It appears from the record that the jury at various times after they had taken the case requested portions of the charge and of the evidence to be read to them. These facts, no doubt, should and would have carried weight in favor of the defendants with the trial court in determining whether the jury had been influenced by the argument, if that court had exercised its discretion in the matter. We cannot say with certainty, however, that the trial court, would have denied the motion on the ground now under consideration. Neither can we hold that if in its discretion it had set aside the verdict on this ground it would have exercised its discretion on grounds or for reasons clearly untenable, or to an extent clearly unreasonable, which, in this state, is the recognized test of abuse of discretion. *Lancour* v. *Herald Assn.,* 112 Vt 471, 483, 28 A2d 396. It follows that it cannot be said that error harmless to the plaintiff would have been committed if the trial court had set aside the verdict on this ground.

We have seen that the lower court erred in failing to exercise its discretion in passing on the motion to set the verdict

aside and that it cannot be said that this error was harmless to the plaintiff. Under our practice in such cases we remand the cause for the correction of this error committed subsequent to the rendition of the verdict. *Paul* v. *Drown,* 108 Vt 458, 464, 189 A 144, 109 ALR 1085; *Ranney* v. *St. Johnsbury & L. C. R. R. Co.,* 67 Vt 594, 601, 32 A 810. The court to which the cause is remanded will be composed of judges other than the ones who heard the case. It would have been better of course, if the court which had seen and heard the witnesses testify had exercised its discretion in the matter. But a different trial court has the power to exercise its discretion in passing on a motion to set aside a verdict based on grounds requiring the exercise of discretion. *Hughley* v. *Wabasha,* 69 Minn 245, 72 NW 78; *Hausmann* v. *Sutter St. R. Co.,* 139 Cal 174, 72 P 905; 4 CJ 833; 5 CJS 525. The existence of such power is impliedly recognized in the Paul and Ranney cases, *supra.* See also, *State* v. *Newell,* 71 Vt 476, 45 A 1045, and *Johnson* v. *Shumway,* 65 Vt 389, 26 A 590.

We have had occasion to discuss to some extent in this opinion the various rules which prevail in the trial court and in this Court in deciding questions arising from a motion to set aside a verdict. Nothing that we have said in this discussion should be taken to indicate in any way our view as to how the lower court on remand should dispose of the motion in this case or what action we would take, if occasion should require, on the ruling made below.

*Judgment reversed, and cause remanded for the correction of errors subsequent to the rendition of the verdict.*