HELEN WELLS *v.* BURLINGTON RAPID TRANSIT CO. ET AL.

(68 A2d 911)

October Term, 1949.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY and ADAMS, JJ.

Opinion filed November 1, 1949.

*Frederick W. Wakefield, Jr.,* for the plaintiff.

*Austin & Edmunds* for the defendants.

CLEARY, J. This is an action of tort for negligence brought by Helen Wells because of personal injuries sustained on October 23, 1947, when getting off a bus owned and operated by the Burlington Rapid Transit Company, Inc., while she was a paying passenger. Trial was by jury with a verdict for the defendants.

The accident happened about ten o'clock in the evening after the bus had stopped at the corner of Elmwood Avenue and Grant Street in Burlington to allow the plaintiff and her daughter to get off. The declaration alleged that the Transit Company was negligent in two respects: 1. Starting the bus before the plaintiff had proper time to alight therefrom, causing the plaintiff to be thrown to the pavement; and 2. Causing the plaintiff to alight in a place that was dangerous and unsafe, about two feet from the curb. The bus exit had two steps down from the floor of the bus and the undisputed evidence was that the plaintiff fell from one of those steps. The plaintiff and her daughter testified that a forward lurch of the bus caused her to fall. The defendants' evidence denied that the bus moved after it stopped to allow the plaintiff to alight. So the only question of negligence for the jury to consider was whether the bus started before the plaintiff had time to get off.

The first exception briefed is to the overruling of the motion to set aside the verdict as against the weight of the evidence but in oral argument the plaintiff waived that exception.

 The plaintiff duly filed several requests to charge and duly excepted to the court's failure to comply with the requests. All of the requests contained rules setting forth the obligations owed by a common carrier to its passenger. Each of them covered an abstract proposition of law, without any suggestion as to how it applied to the case on trial. Therefore, they were properly disregarded. *Johnson* v. *Moore,* 109 Vt 282, 287, 196 A 246; *Gould* v. *Gould,* 110 Vt 324, 330, 6 A2d 24; *Russell* v. *Pilger,* 113 Vt 537, 540, 37 A2d 403; *Re Estate of Rachael Brown,* 114 Vt 380,

382, 45 A2d 568; *Von Hesse* v. *Tindall,* 115 Vt 414, 415, 63 A2d 197.

The court's charge on the question of liability was as follows: "It was conceded in argument that if the transit company's bus moved when Mrs. Wells was getting off, that such movement would be negligence on the part of the Burlington Rapid Transit Company and of course that is the only claim of negligence which the plaintiffs make here. We think that such concession was properly made, therefore it becomes unnecessary for us to indulge in any technical exposition of what does or does not constitute negligence on the part of a bus company. It is sufficient for the purposes of this case, and you are so instructed that if the defendant transit company's bus moved when Mrs. Wells was getting off, then the Burlington Rapid Transit Company and its co-defendant are deemed negligent."

This charge was not excepted to. It stated all that was necessary or advisable under the circumstances. For this reason also the exceptions to the failure to charge as requested are not sustained.

 The motion to set aside the verdict states that "Defendants attorney in argument stated that defendants were paying defense witnesses a day's pay for testifying. Plaintiff maintains that this is illegal and intended to unduly influence the witnesses for the defense." The bill of exceptions states that the transcript is to control. The transcript does not contain the argument and shows that no exceptions were taken during arguments. Therefore this question is not before us. *Woodhouse* v. *Woodhouse,* 99 Vt 91, 152, 130 A 758; *In re Everett's Will,* 105 Vt 291, 320, 166 A 827; *Russell* v. *Pilger,* 113 Vt 537, 556, 37 A2d 403. Moreover, the point is inadequately briefed and so merits no consideration here. *Turner* v. *Bragg,* 113 Vt 393, 404, 35 A2d 356; *Sparrow* v. *Cimonetti,* 115 Vt 292, 299, 58 A2d 875. This disposes of all the exceptions.

*Judgment affirmed.*