MERCHANTS' NATIONAL BANK OF SAN FRANCISCO v. CONTINENTAL BUILDING & LOAN ASS'N et al.

In re CONTINENTAL BUILDING & LOAN ASS'N.

(Circuit Court of Appeals, Ninth Circuit. May 15, 1916.)

No. 2684.

1. BANKRUPTCY ⊙⟹231—PROCEEDINGS—RIGHTS OF CREDITORS.
    Under Bankr. Act July 1, 1898, c. 541, §§ 56b, 57e, 30 Stat. 560 (Comp. St. 1913, §§ 9640, 9641), relating to secured creditors, a secured creditor cannot after selection of a trustee, participate in creditors' meetings, except in so far as the security does not cover his entire claim.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 541; Dec. Dig. ⊙⟹231.]

⊙⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. BANKRUPTCY ☞123—CLAIMS—BUILDING AND LOAN ASSOCIATION.**

Shareholders in a building and loan association, who are entitled at any time to withdraw and demand payment of the book value of their stock, are upon the bankruptcy of the association to be deemed creditors, entitled to vote for the selection of a trustee, for the bankruptcy fixes the association's liability, being treated as an anticipatory breach of contract.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 171–179; Dec. Dig. ☞123.]

**3. BANKRUPTCY ☞123—CLAIMS—BUILDING AND LOAN ASSOCIATION.**

Shareholders in a building and loan association, entitled at any time to demand the book value of their shares, are upon the bankruptcy of the association to be deemed creditors, entitled to vote for the selection of a trustee, notwithstanding a reference to the books is necessary to determine the amounts of their claims.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 171–179; Dec. Dig. ☞123.]

**4. BANKRUPTCY ☞446—REVIEW—HARMLESS ERROR.**

That petitioner was denied the right to vote for trustee is harmless, though erroneous, where petitioner's claim was so small that, had the right not been denied, the selection of the trustee could not have been affected.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929; Dec. Dig. ☞446.]

Petition for Revision of an Order of the District Court of the United States for the Northern District of California; Maurice T. Dooling, Judge.

In the matter of the bankruptcy of the Continental Building & Loan Association, a corporation. Petition by the Merchants' National Bank of San Francisco for revision of an order of the District Court (232 Fed. 413), affirming an order of the referee denying petitioner's claim to vote for a trustee. Order affirmed.

R. P. Henshall, of San Francisco, Cal., for petitioner.

Heller, Powers & Ehrman, Hugo D. Newhouse, and Reuben G. Hunt, all of San Francisco, Cal., for respondents.

Nat Schmulowitz, of San Francisco, Cal., for bankrupt.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. This case arises out of the matters connected with the bankruptcy of the Continental Building & Loan Association referred to in Wilson et al , Petitioners, v. Continental Building & Loan Association et al., Respondents, 232 Fed. 824, —— C. C. A. ——, just heretofore decided. The history of the adjudication need not be repeated.

The petitioner and appellant herein is a national bank, and held an unsecured claim, a note for $2,511.20, against the bankrupt. The claim was presented, filed, approved, and allowed by the referee, and a proxy in due form was executed, authorizing the attorney of the claimant to vote the claim at any meeting held for the election of a trustee. At a meeting of the creditors held on September 15, 1915, appellant attempted to vote its claim. One or two other creditors, not shareholders of the bankrupt, and other persons who were stockholders and members of the bankrupt association, were present. The appellant moved

the referee that any and all claimants who were stockholders or members of the association bankrupt be denied the right to vote upon the ground that they were not creditors within the meaning of the bankrupt law and held no provable claims as such. When the petitioner, through its attorney, endeavored to vote for trustee, the referee inquired whether the petitioner intended to waive its claim of priority, which had theretofore been made. Counsel representing the bankrupt association replied that no waiver of claim of priority was intended. The referee ruled that stockholders, or members, had the right to vote for a trustee, but that appellant and petitioner had not. Upon petition for review of the order of the referee, the order was affirmed, and review by this court is now sought.

The principal points relied upon by the appellant are: (1) That a shareholder of a building and loan association is a distributee of its assets after claims against the corporation are paid, and that it is therefore impossible for such a shareholder to be a creditor of the corporation within the meaning of the Bankruptcy Act; (2) no person can vote to select a trustee, unless he has a provable claim against the bankrupt, and shareholders of a building and loan company do not possess, by virtue of their holdings, provable claims against the corporation within the meaning of the Bankruptcy Act; and (3) even though the assets to be administered upon in the bankruptcy court are greatly in excess of the provable claims against the bankrupt, yet that fact does not deprive the only creditors who have provable claims from electing a trustee for the bankrupt and administering upon his estate until they are paid; and (4) that petitioner was erroneously denied a right to vote for trustee.

[1] Appellant never objected, and does not now object, to the jurisdiction of the court which made the adjudication in bankruptcy, although such adjudication was based upon the inability of the association to pay debts which it owed, and which were stated to be due to those only who were listed in the schedules of liabilities and assets which accompanied the petition in bankruptcy as shareholders in the association. The referee finds that in these lists of shareholders, called creditors, the names of the petitioner and two other creditors not shareholders were inadvertently admitted. Appellant claims, and properly insists upon, a right to priority of payment under sections 56b and 57e of the Bankruptcy Act, and it is conceded by respondent that as a creditor of the corporation it is entitled to such a priority over debts due to stockholders. Now, with assets worth $751,508.13 due to shareholders, and a total indebtedness of only $12,198.90 due to creditors other than shareholders, of which $2,511.20 is all that is due to appellant, petitioner is scarcely in a position to urge serious harm to its rights because it was not permitted to vote for a trustee.

But, assuming that it had a right to vote for selection of a trustee, nevertheless, under the statute, after trustee was chosen, it could not in respect to its claim have voted at creditors' meetings, nor could its claim be counted at such meetings in computing either the number of creditors or the amounts of their claims unless the amounts exceeded the value of such securities or priorities, and then only for the excess. Section

56b, Bankruptcy Act. Clearly, then, under the conditions existing, appellant's complaint, in effect, is that, by allowing the stockholders to vote for a trustee, it (appellant) could not secure the selection for trustee it desired. We therefore inquire whether the referee was correct in ruling that the stockholders were creditors entitled to vote for a trustee.

[2-4] Building and loan associations are at once distinguishable from ordinary commercial corporations. In building and loan corporations, where the capital stock consists of the dues paid in by members, together with the apportioned profits, the shareholder has a right to withdraw at any time from the association and to receive what he has paid in plus his share of the profits earned and minus the penalties imposed for withdrawal, without being compelled to complete his stock subscription. As was said by the referee in his report:

"* * * To the extent of the obligation of the corporation to pay the withdrawal value of the stock based upon profits actually existing, the identity of the corporation is distinguished from that of its members. If the corporation is solvent, they can in law or in equity recover such withdrawal value. If the corporation is unable to pay back the principal paid in, a state of insolvency exists."

Appellant argues that liabilities of a contingent character are not provable in bankruptcy, and, taking a rent contract as an example, says that, if rent is due at the time of the filing of the petition, it constitutes a provable claim; whereas a claim for rent to become due cannot be proved, because it was not a fixed liability when the bankruptcy occurred. The inapplicability of this argument is met by the opinion of the Supreme Court in Central Trust Company v. Chicago Auditorium Association, 240 U. S. 581, 36 Sup. Ct. 412, 60 L. Ed. ——, holding that cases arising out of the relation of landlord and tenant are distinguishable from ordinary executory agreements, because of the diversity between duties which touch the realty and the mere personalty. The Supreme Court holds, also, that in some cases where a party is bound by an executory contract, and repudiation or disablement occurs during performance by intervention of bankruptcy, the contract may be regarded as terminated, and damages may be demanded. This is upon the theory that intervention of bankruptcy constitutes a breach and gives rise to a claim provable in bankruptcy proceedings. The court speaks of the conflict in decisions of the federal courts upon the point, and cites cases holding that such a claim is provable, and those holding to the contrary, and includes within the citations many of the decisions cited by appellant and respondent in the present case, and concludes that proceedings, whether voluntary or involuntary, resulting in an adjudication in bankruptcy, are the equivalent of an anticipatory breach of an executory contract within the doctrine of Roehm v. Horst, 178 U. S. 1, 20 Sup. Ct. 780, 44 L. Ed. 953. The court said:

"The claim for damages by reason of such a breach is 'founded upon a contract, express or implied,' within the meaning of section 63a4, and the damages may be liquidated under section 63b. Grant Shoe Co. v. Laird, 212 U. S. 445, 448 [29 Sup. Ct. 332, 53 L. Ed. 591]. It is true that in Zavelo v. Reeves, 227 U. S. 625, 631 [33 Sup. Ct. 365, 57 L. Ed. 676, Ann. Cas. 1914D, 664], we held that the debts provable under section 63a4 include only such as existed at the time of the filing of the petition. But we agree with what

was said in Ex parte Pollard, 2 Low. 411, Fed. Cas. No. 11,252, that it would be 'an unnecessary and false nicety' to hold that because it was the act of filing the petition that wrought the breach, therefore there was no breach at the time of the petition. As was held by the same learned judge in Re Pettingill [D. C.] 137 Fed. 143, 147: 'The test of provability under the act of 1898 may be stated thus: If the bankrupt, at the time of bankruptcy, by disenabling himself from performing the contract in question, and by repudiating its obligation, could give the proving creditor the right to maintain at once a suit in which damages could be assessed at law or in equity, then the creditor can prove in bankruptcy on the ground that bankruptcy is the equivalent of disenablement and repudiation. For the assessment of damages proceedings may be directed by the court under section 63b (30 Stat. 562).' "

We believe, also, that the liability of the association to stockholders for amounts paid in and proportions of profits, if any, is fixed, notwithstanding the fact that it may require examination of books to ascertain the exact amount due to each shareholder.

In conclusion, we hold that the claims of shareholders are provable against the bankrupt, and that the referee and the District Court were correct in their rulings upon the point, and that, inasmuch as no possible harm was done to the appellant by denying it the right to vote for a trustee, it has no cause for complaint. In re Ashland Steel Company et al., 168 Fed. 679, 94 C. C. A. 165.

The petition for revision is denied.