## PEARSON et al. v. HIGGINS.

Circuit Court of Appeals, Ninth Circuit.
July 15, 1929.

Rehearing Denied August 12, 1929.

No. 5736.

Geo. D. Collins, Jr., and A. J. Hennessy, both of San Francisco, Cal., for appellant Pearson.

A. J. Hennessy, of San Francisco, Cal., pro se.

Ernest J. Torregano and Charles M. Stark, both of San Francisco, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge. The only question involved in this proceeding is whether a certain boat was the individual property of Louis Morgan, at the time he was adjudicated a bankrupt, or belonged to a copartnership consisting of the bankrupt and appellant Pearson. If the former, the trustee is entitled to possession, and, if the latter, the trustee concedes right of possession

in Pearson. That issue—the only substantive one in the case—neither the referee nor the court below has determined. The referee decided only that in a summary proceeding, instituted by the trustee, the bankruptcy court had jurisdiction to entertain the issue. Being discontent with this ruling, made upon a preliminary objection, appellants, without awaiting the event of a trial on the merits, petitioned the district judge for a review, and the order from which this appeal is prosecuted went no further than to deny the petition. Manifestly, therefore, the appeal is premature. In an ordinary case at law or in equity, an order overruling an objection to the court's jurisdiction is not appealable; and no more is a like order in a bankruptcy proceeding. Appellants could have no real grievance unless and until the referee entered a turn-over order. After a hearing upon the merits, the trustee's prayer may be denied, in which contingency appellants will have no ground to complain. Appellate courts do not sit to anticipate possible grievances or to try out controversies in piecemeal.

The appeal will therefore be dismissed without prejudice to any question of jurisdiction or upon the merits; costs to appellee.

### On Petition for Rehearing.

By the petition for rehearing herein, it is contended that we erred in impliedly holding or assuming that no "turn-over order" had been made. As we think is plain from the context, we used the term in its ordinary sense as importing an order by which certain property is held to belong to the bankrupt estate with a direction to the person in possession thereof to turn it over to the trustee. The action taken by the referee, and affirmed by the district judge, we do not think was intended to have such effect, nor from the oral argument did we get the impression that counsel for the appellants otherwise construed the record. But, owing to the failure to enter any formal order, we find, upon further examination, that the record exhibits a measure of confusion and uncertainty. There was a hearing only upon appellants' plea challenging the referee's jurisdiction to entertain the trustee's petition praying that appellants be required to deliver to him the boat. At the close of that hearing, the referee orally announced his decision, overruling the plea, with the express statement, however, that the order would be without prejudice to the right of appellants to set up and try out in the bankruptcy court the claim that the boat was partnership proper-

ty, and hence not a part of the bankruptcy estate. Nothing was said about any immediate change of possession. Counsel for the trustee suggested a restraining order to prevent disposition of the boat. This the referee did not think necessary. Counsel for appellants thereupon stated they wanted time to answer the trustee's petition, but immediately thereafter indicated their intention to petition for a review, and to that end asked for a stay. There followed a colloquy of some length touching costs, delay in the administration, and a stay of the order. The referee having indicated he would grant a stay for five days, the trustee suggested a stipulation that the boat be not moved, but this counsel for appellants declined to make. Whereupon the referee announced: "In the making of this order overruling the plea to the jurisdiction, the referee goes further and holds that the trustee is entitled to possession of the boat and the order is that the boat be delivered to the trustee"—with a stay of five days. To this announcement, which was the first and only suggestion of a change of possession, counsel for appellants took no exception.

Such is the substance of the reporter's transcript, and no other or more formal record was made. At that juncture there were open to appellants two appropriate alternative courses: They could have taken exception to the ruling on their plea, answered the petition, and thereupon had a hearing upon the issue of ownership. And of the final order entered after such hearing, if adverse to them, they could have sought a review which, of course, would have reached to and involved the propriety of the ruling on their plea. Or they could have stood on their plea and declined to answer, whereupon the referee would have made a turn-over order by default, as of course. Upon the record as made, the referee might properly have taken the appellants' announcement of intention to petition for a review as an implied declaration that they intended to stand on their plea, and entered such a turn-over order as by default; but in his certificate to the district judge on petition for review he disclaimed any intention to adjudicate the merits of the claim of title. In view of the fact that appellants were going to seek a review and declined to stipulate that there would be no change in the possession or status of the boat, the more probable theory is that by the later order the referee intended only the preservation of the existing status until the issue of ownership could be tried out. However, because of the confusion and

uncertainty, and to protect the parties against the possible injustice which might result therefrom, we choose to entertain the question raised by the ruling on the plea to jurisdiction.

The material facts pertinent to this question may be briefly stated. On June 13, 1928, one Pulin, who had in 1924 procured a judgment against Louis Morgan, caused the sheriff to levy execution upon the boat in question as Morgan's property for the purpose of satisfying the judgment. Six days later, upon his voluntary petition, Morgan was adjudged a bankrupt; and, upon being informed of the adjudication, the sheriff at once released the levy, redelivered the boat to Morgan, and returned the execution indorsed "released." No custodian or receiver of the bankrupt's estate was appointed by the bankruptcy court, and the trustee was not elected, or at least did not qualify, until September 26, 1928. In the meantime, on September 24, 1928, appellant Hennessy, who had acted as Pulin's attorney, now in the name of appellant Pearson commenced a replevin suit in the state court against the bankrupt to procure possession of the boat, alleging that it was in the bankrupt's possession, and was by him being wrongfully detained from Pearson. For the purpose of procuring the immediate delivery of the boat, Hennessy also filed an affidavit setting forth that the bankrupt maintained possession of the boat under the unfounded claim that he was the sole owner thereof. Thereupon such proceedings were had under the state statutes that by judicial process it was taken from the bankrupt's possession and delivered into the possession of Hennessy for Pearson; the latter at no time being within the state of California. A few days later, on October 4th, the trustee in bankruptcy intervened in this replevin suit, but, at the time the proceedings here under consideration were taken in the bankruptcy court, there had been no trial or adjudication or relief granted in the state court. Being advised that, under the circumstances, the bankruptcy court had jurisdiction, the trustee filed therein his petition for an order requiring Hennessy and Pearson to deliver to him possession of the boat, and, responding to an order to show cause, they appeared specially and interposed the plea challenging the bankruptcy court's jurisdiction.

■ We are of the opinion that the plea was properly denied. The case falls within the rule of White v. Schloerb, 178 U. S. 542, 20 S. Ct. 1007, 44 L. Ed. 1183; and see also Bailey v. Baker, etc., 239 U. S. 268, 36 S. Ct. 50, 60 L. Ed. 275; Acme Harvester Co. v. Beekman L. Co., 222 U. S. 300, 32 S. Ct. 96, 56 L. Ed. 208; Everett v. Judson, 228 U. S. 474, 33 S. Ct. 568, 57 L. Ed. 927, 46 L. R. A. (N. S.) 154. The fact that under the writ of execution the sheriff was in the possession of the boat on the date of the adjudication in bankruptcy does not constitute a material distinction. Such temporary, qualified possession did not affect the title, and, having been abandoned, in no wise prejudiced the bankruptcy administration. Appellants in no way connect themselves with that temporary possession. When the boat was turned back into the bankrupt's possession, such possession became constructively the possession of the bankruptcy court. For Morgan to have disposed of or concealed the property from the bankruptcy court would have constituted contempt. Through its officers, the bankruptcy court stood in the same relation to it that he would have sustained if he had not been adjudicated a bankrupt. He, and hence they, had the right to continued possession against all the world until some one affirmatively established a superior right. Without its consent, no person or other court had the right to interfere with the possession thus acquired by the bankruptcy court. And, having constructive possession, that court had jurisdiction in a summary proceeding such as the trustee instituted to determine both title and right of possession. From such jurisdiction it was not ousted, nor was its power impaired, by the intervention of the trustee in the undetermined replevin suit. Miller v. Potts (C. C. A.) 26 F.(2d) 851.

■ It follows that the order overruling the plea to jurisdiction was correct, and, to avoid any further misunderstanding as to its scope, it is held that that part of the order directing a change of possession be construed as only a temporary measure for the preservation of the property. The referee undoubtedly had the power to restrain the removal or disposition of the boat or to appoint a receiver to take charge of it pendente lite. The trustee is an officer of the court, as fully under its control as would be a receiver. Such possession as the trustee may have acquired or may acquire under the order will therefore be deemed to be the possession of a quasi receiver. It, and its proceeds if it be sold, should not be considered a part of the estate for administration purposes pending the determination of the issue of the title thereto and the right to permanent possession thereof. With such a construction upon the referee's order, the order

of the district judge appealed from will be affirmed, with directions to permit appellants to answer the trustee's petition on the merits and to determine such issues as may be raised thereby; costs to appellees.