In re MEADE TOOL & DIE CO.

SZATKOWSKI v. MEADE TOOL & DIE CO.

No. 10459.

Circuit Court of Appeals, Sixth Circuit.

Nov. 17, 1947.

Harry J. Lippman, of Detroit, Mich., for appellant.

Hiram Y. Popkin, of Detroit, Mich. (Frazer & Popkin, of Detroit, Mich., on the brief), for appellee.

Before HICKS, MARTIN, and MILLER, Circuit Judges.

MARTIN, Circuit Judge.

The crucial issue on this appeal is whether the district court properly confirmed an order of the Referee in Bankruptcy denying appellant's motion to amend his claim so as to show and to be permitted to establish, if he can, his garnishment security asserted in a state court proceeding, instituted more than four months preceding the filing of an involuntary petition in bankruptcy against the Meade Tool and Die Company.

In a state court suit instituted by appellant on May 25, 1944, against the partnership doing business as Meade Tool and Die Company, he garnisheed the Ford Motor Company on July 28, 1944, and later was awarded a jury verdict for $2500 damages and costs. The defendant partnership made a motion for a new trial, which was heard on April 5, 1945, taken under advisement, and granted May 1, 1945. On May 10, 1945, appellant moved for reconsideration of the order granting a new trial. This motion was denied on July 9, 1945.

In the interim between the hearing of the motion for a new trial and the granting of the motion, an involuntary petition in bankruptcy was filed against the Meade partnership; and the partners were adjudged bankrupt on May 3, 1945. On petition of a creditor, the district court, on April 27, 1945, enjoined the prosecution by one Pfennig of a suit in which an earlier garnishment had been issued against funds due the bankrupt partnership in the hands of the Ford Motor Company.

The first meeting of creditors of the bankrupts was held on June 21, 1945. At this creditors' meeting, the claimant was represented by his attorney, Harry J. Lippman, and filed his proof of claim, based upon his state court judgment. The proof of claim was made out on the printed form supplied by the referees in bankruptcy, and stated that claimant had no security for his debt. The attorney for appellant nominated a candidate for trustee in bankruptcy, but another person was elected. Appellant's counsel examined one of the bankrupt partners extensively.

On May 2, 1946, appellant petitioned for a dissolution of the injunction restraining the prosecution of the Pfennig garnishment suit in the state court; and, on June 7, 1946, made a motion in writing for leave to file an amended proof of claim. Attached to this motion were affidavits of appellant and his attorney. The claimant deposed that Lippman, his attorney of record, is blind; that the proof of claim was prepared by

Lippman; and that deponent relied upon his attorney, being himself limited in his ability to read and to understand the English language and being unaware of the wording or meaning of the printed portion of the proof of claim which he had executed. The attorney, Lippman, by affidavit, supported the sworn statement of his client. The affidavit of the attorney, in material part, is set forth below.[1]

The Referee in Bankruptcy ordered the release from garnishment of the funds in the hands of the Ford Motor Company discharged of lien; denied the petition of appellant for dissolution of the injunction in the Pfennig suit; and directed entry of an order denying the petition "to amend the claim to show the security of the garnishment."

The Referee held that appellant, in filing his claim, had consented to the summary jurisdiction of the bankruptcy court to determine all controversies relating to the claim. The Referee's opinion asserted that had appellant filed his claim as secured "he would not only have preserved his right to have his claim determined in the State Court action", but also would have preserved his garnishment lien. The Referee considered it fair to conclude that "claimant was through in the State Court and had decided to try his luck in the Bankruptcy Court"; and that it would follow logically that appellant had "waived intentionally the doubtful security obtained by garnishment", inasmuch as he could not "give up the State Court action without giving up the garnishment."

We are not in accord with the reasoning of the Referee upon which the district judge upheld the denial of appellant's petition to amend his claim. Amendments of proofs of claims in bankruptcy to correct defects or mistakes are liberally allowed where, no fraud appearing, the mistake was made through ignorance of law or fact and substantial justice requires that the amendment should be allowed. Upon such showing, a secured creditor who originally proved his claim as unsecured may be allowed to amend his claim so as to assert and show his security. Globe Indemnity Company, et al. v. Keeble, 4 Cir., 20 F.2d 84, 86; In re International Match Corporation, 2 Cir., 69 F.2d 73, 74; Garvin v. Hickam, 10 Cir., 91 F.2d 323, 325; Cook v. Union Trust Company of Maryland, 4 Cir., 71 F.2d 645, 647.

As was said by Judge Patterson: "Amendments to claims in bankruptcy are freely allowed where the purpose is to cure defects in the claim originally filed, to supply greater particularity to the claim, or even to plead a new theory on facts already given in the claim. They are not permitted where the effort is to substitute an entirely different cause of action after the time for filing claims has expired. * * * A creditor

---

[1] "Deponent further shows that he was responsible for the drafting, signing and filing of the proof of claim in this cause on behalf of the claimant, Constanty Szatkowski, said proof of claim having been drafted upon the form as provided by the office of the Referee in Bankruptcy, this court, and he, this deponent, having been of the impression that there had been stricken therefrom all reference to there being no security in connection with said claim, the omission of reference to the pending garnishment suit against the Ford Motor Company in attached petition set forth and the omission to strike that provision in said proof of claim, making statement or inferring that there be no security in connection with said claim having arisen solely and alone from the fact that this deponent is blind and unable to see and read and has to depend upon others in connection with same, always having been of the impression, until the matter was called to his attention the last few days, that there was contained within such proof of claim a full reference to the pending garnishment suit against the Ford Motor Company as aforesaid and that the claim of the petitioner was in the nature of security.

"Deponent further shows that the failure to file in this cause a proof of claim correctly setting forth the full status of the claim of Constanty Szatkowski against the bankrupt herein and making reference to same as being secured by said garnishment suit aforesaid was solely and alone by reason of his inability to read proof of claim through his blindness, the fact of the omission in said claim never at any time having been called to this deponent's or the claimant's attention and such omission having arisen entirely by reason of circumstances beyond the control of both this deponent and the said Constanty Szatkowski."

who has security for his claim but has inadvertently filed proof of claim without mention of the security is generally allowed to amend so as to plead the security and thus preserve it." In re Fiegel, Bankrupt, D.C. N.Y., 22 F.Supp. 364, 365.

██ This court held, In re Ashland Steel Co., 6 Cir., 168 F. 679, that claims proved against the estate of a bankrupt, which from their nature are entitled to priority under a state statute, may be allowed such priority, although it is not claimed until more than a year after the date of adjudication, when the question of distribution of assets first arises. Upon the issue of estoppel by conduct in the improper voting by a secured creditor in the election of a trustee in bankruptcy, the court said 168 F. at page 681: "The statute does not say that such a consequence shall follow the voting by a creditor who is disqualified, or that he shall surrender his preference before he can vote; and in order to lay the foundation of an equitable estoppel it must be made to appear that the other party has lost some right or has been led into some course of conduct whereby he will suffer injury if the act or representation of the party to be estopped is revoked or held for naught; and within the scope of its jurisdiction, the court of bankruptcy is a court of equity, as well as of law."

In the case at bar, no injury to any other creditors resulted from the voting of appellant in the election for a trustee, for the obvious reason that appellant voted for the losing candidate. The Ashland Steel Company case, supra, was cited in Courtney v. Fidelity Trust Co., 6 Cir., 219 F. 57, 66; Merchants' National Bank of San Francisco v. Continental Building & Loan Ass'n, 9 Cir., 232 F. 828, 832; Ensley v. First National Bank of Hoopeston, D.C., 17 F.2d 603, 604; and in Garvin v. Hickam, supra.

Section 27.1856 of Michigan Statutes Annotated, Comp.Laws Supp.1940, § 14858, provides that, from the time of the service of a garnishment summons, the garnishee shall be liable to the plaintiff to the amount of property, money, goods, chattels, and effects under his control, belonging to the principal defendant. The Supreme Court of Michigan has held that, where the property of a debtor is subject to a lien prior to the time of commencement of receivership proceedings and the appointment of a receiver of all the debtor's property, the receiver is not entitled to possession of the property subject to lien, and the lienor has the right to enforce his lien. Rickman v. Rickman, 180 Mich. 224, 250, 146 N.W. 609, Ann.Cas.1915C, 1237. Cf. J. T. Sinclair Co. v. I. T. Becker Coal Co., 263 Mich. 617, 620, 621, 249 N.W. 13.

The Court of Appeals for the Tenth Circuit held, in Morris W. Haft & Bros., Inc. v. Wells, 93 F.2d 991, 995, that error had been committed in enjoining a claimant from prosecuting a garnishment proceeding to judgment and perfecting an inchoate lien which arose more than four months prior to the filing of the petition in bankruptcy. The order of the district court was reversed and the cause remanded. Cf. In re Snitzer, 7 Cir., 62 F.2d 285, 288, 289.

The authority upon which the appellee places main dependence is In re O'Gara Coal Co., 7 Cir., 12 F.2d 426, 429, 46 A.L.R. 916. That case is clearly differentiable from the one at bar. The equitable principle there applied was that parties with full knowledge of the facts should not be permitted to speculate for years as to the outcome of securities and then invoke the aid of the court to obtain for them "the benefit of a security which after years of time has become valuable." It was held that the district court erred in allowing the claim involved as a secured debt and that there had been a waiver of the security. It was expressly recognized, however, that in the furtherance of justice amendments to claims may be allowed because of mistake or error. The language of In re Myers, D. C., 99 F. 691, 693, was quoted: "The court undoubtedly possesses the power, in its discretion, and in a proper case, to allow proofs of debts to be amended, and in case of mistake or ignorance, either of fact or law, will generally exercise that power, in the absence of fraud, and when all the parties can be placed in the same situation that they would have been in if the error had not occurred, and where justice seems to demand that the amendment should be made."

Citing, among other cases, In re Ashland Steel Co., supra, from this circuit, Judge Learned Hand said in Lewith v. Irving

Trust Co., 2 Cir., 67 F.2d 855, 856: "The statute of limitations (Bankr. Act) section 57, sub. n, 11 U.S.C.A. § 93, sub. n, does not prevent a creditor who has filed an unsecured claim, from amending it into a secured claim, and asserting his security, after the period for filing has expired."

In the circumstances of the instant controversy, we think that substantial justice demands that appellant should be permitted to amend his claim so as to show his security and to prosecute to final judgment his claim in the garnishment proceeding pending in the Circuit Court for Wayne County, Michigan; and, if he should prevail and establish the validity of his garnishment in that cause, his claim should be allowed by the district court as a secured claim to the extent of its security. From our discussion herein, it follows that the injunction against the prosecution of the Pfennig suit should be dissolved.

The order of the district court is reversed and the cause is remanded for further procedure in conformity with this opinion.