[Civ. No. 19745. First Dist., Div. Two. Sept. 11, 1961.]

KOCKOS BROS., LTD. (a Corporation), Appellant, v. THE CANADIAN FIRE INSURANCE COMPANY (a Corporation), Respondent.

Graham, James & Rolph, Chalmers G. Graham, Francis L. Tetreault and La Forest E. Phillips, Jr., for Appellant.

Edward A. Friend for Respondent.

DRAPER, Acting P. J.—Does a bankruptcy proceeding, in which no attempt was made to set aside a prior attachment of proceeds of an insurance policy, of itself serve to release the insurer garnishee of liability to the judgment creditor for funds attached? The trial court answered yes by granting defendant's motion for summary judgment. Plaintiff appeals.

Defendant issued a fire insurance policy in the sum of $15,000 upon property of Future Manufacturing Cooperative, Inc. The insured property was substantially destroyed by fire January 3, 1956. On January 11, 1956, plaintiff herein filed an action against Future to recover $13,501.62 alleged to be due plaintiff upon contract. Writ of attachment issued, and levy was made upon defendant insurer directing it to withhold all sums due to Future. Defendant made no reply to the levy, but concedes that it then held $15,000 due to

Future. Future filed its voluntary petition in bankruptcy January 30 and was adjudicated a bankrupt next day. A receiver was appointed and the usual injunction against instituting or prosecuting actions against the bankrupt was issued, but was not served on plaintiff. On February 2, defendant paid the $15,000 in insurance proceeds to the receiver in bankruptcy, receiving from him a receipt stating that ''I will . . . request from the court that all assignments and attachments now on these funds at Canadian Fire Insurance Company will be released.'' This was never done. Notice to creditors, including plaintiff, was mailed in the bankruptcy proceedings March 5. On April 27 default of Future was entered in plaintiff's action against it, and judgment upon that default, for $13,501.62 plus interest and costs was entered April 30. In September, plaintiff filed its proof of claim in the bankruptcy proceeding, but no copy of that claim is in the record here. Two years later, on September 24, 1958, a first and final dividend of 20.94 per cent was paid to creditors, plaintiff receiving $2,846.12. The trustee in bankruptcy was discharged December 31, 1958. Writ of execution in the first action was issued and levy made upon defendant October 31, 1958. Return of nothing due was made.

On December 26, 1958, plaintiff filed the present action by which it seeks to recover from defendant insurer the insurance proceeds levied upon January 12, 1956. Shortly thereafter, the bankruptcy proceeding was reopened, a new trustee appointed, and on his petition an order entered by the referee declaring the attachment lien of plaintiff to be void under section 67(a) of the Bankruptcy Act (11 U.S.C.A. § 107[a]) and permanently enjoining plaintiff from further proceedings against defendant insurer. On petition for review, the United States District Court set aside the referee's order on the ground that the action of the trustee was barred by the statute of limitations. Rehearing was denied, the court pointing out that defendant insurer was the real party in interest, and that neither the bankrupt estate nor its creditors had an interest in the outcome. Shortly thereafter, defendant insurer moved for summary judgment in this proceeding. The motion was granted, and plaintiff appeals from the ensuing judgment.

Section 67(a) of the Bankruptcy Act provides that ''[e]very lien . . . obtained by attachment . . . within four months before the filing of a petition [in bankruptcy] . . . shall be deemed null and void'' if certain conditions exist.

This language would seem to indicate that the attachment lien here became void merely by the filing of the petition in bankruptcy, or at least upon adjudication of bankruptcy. The decisions, however, are to the contrary. It is completely clear that it is for the bankruptcy court to determine whether the lien is within the statute and, if so, whether it shall be avoided. It is only upon such determination that the lien is avoided (4 Remington on Bankruptcy [1957 revision] § 1617, p. 53 et seq., and cases there cited). Since no such proceeding was had in the course of bankruptcy, and the federal court has ruled that the statute has run against such a proceeding now, it follows that defendant cannot here rely upon invalidity of the attachment lien as a preference under the Bankruptcy Act.

Defendant argues that it is subrogated to the rights of the bankrupt, and thus may have the judgment against Future "canceled and discharged of record" (Code Civ. Proc., § 675b). But by the terms of this section, such a right accrues to the bankrupt only after the bankrupt has been "discharged from his debts." The record here wholly fails to show any discharge in bankruptcy (11 U.S.C.A. § 32). Since no right in the bankrupt Future is shown, there is no need to consider the claim that such a right could be asserted, in Future's behalf, by defendant here.

The true basis of defense, although never specifically so termed in respondent's brief here, appears to be the claim that plaintiff waived its claim to the attachment lien by its conduct in the bankruptcy proceeding. In essence, plaintiff, after enjoying the fruits of participation in distribution of the bankrupt estate, now seeks to resort to the security of an attachment lien which it held before the bankruptcy proceeding commenced. Such security right may be waived (8 Remington, Bankruptcy [1955 revision] § 3230, p. 52; 3 Collier, Bankruptcy [14th ed.] par. 57.07, p. 162). Filing of a claim may be a waiver of the security (*In re O'Gara Coal Co.*, 12 F.2d 426 [46 A.L.R. 916]) but mere filing as a general creditor does not, under all circumstances, effect such a waiver (see *United States Nat. Bank* v. *Chase Nat. Bank*, 331 U.S. 28 [67 S.Ct. 1041, 91 L.Ed. 1320]; *In re Meade Tool & Dye Co.*, 164 F.2d 228; *American Trust Co.* v. *W. S. Doig, Inc.*, 23 F.2d 398). As is apparent from the cases cited, the waiver question is one of fact. There is authority that the waiver of security in a bankruptcy proceeding may be relied upon in a state court action (see *R. L. Davies & Co.* v. *Blomberg*, 185 N.C.

496 [117 S.E. 497] ; 46 A. L. R. anno. 922 et seq.). In any event, it seems clear that if plaintiff induced or lulled defendant into payment of the garnished fund to the bankrupt estate, general equitable principles would require that it be held estopped to compel double payment by the garnishee through assertion of its attachment lien. Such determination is distinctly possible under inferences which might be drawn from the facts of this case. But the questions of waiver and estoppel are here issues of fact. Determination of such issues is not to be made upon a motion for summary judgment, which is to be granted only when the affidavits show that there is no triable issue of fact (*Eagle Oil etc. Co.* v. *Prentice,* 19 Cal.2d 553, 555-556 [122 P.2d 264]).

We find no merit in defendant's assertion that no valid levy was made under the writ of execution. Here service was upon the manager of defendant's Northern California branch. Defendant first argues that a foreign corporation engaged in the insurance business can be served only by delivery to the agent designated for service of process (Ins. Code, § 1602). The same code, however, clearly contemplates that the method of service there provided is not exclusive but merely alternative (Ins. Code, § 1602; and see *Buckingham & Hecht* v. *North German Fire Ins. Co.,* 149 F. 622, 624). Defendant, however, contends that even if the provisions applicable to foreign corporations generally apply to insurers, the service here was improper. The argument is that service may be made only upon "the general manager in this State" (Corp. Code, § 6500), and that thus service upon the manager of the Northern California branch is insufficient. But this contention has been settled adversely to defendant's view (*Eclipse Fuel etc. Co.* v. *Superior Court,* 148 Cal.App.2d 736, 745 [307 P.2d 739]).

Since we have concluded that the affidavits do not negate the existence of a triable issue of fact, the summary judgment must be reversed. We by no means suggest that there is no waiver of the lien claimed by plaintiff, or that it is not estopped to assert its claim thereto. We hold only that such issues must be tried.

Judgment reversed.

Shoemaker, J., concurred.