Tom SAMUELS, Trustee of Future Manufacturing Cooperative, Inc., a corporation, Appellant,

v.

KOCKOS BROS., LTD., Appellee.

No. 17101.

United States Court of Appeals
Ninth Circuit.

July 6, 1962.

Certiorari Denied Dec. 10, 1962.
See 83 S.Ct. 306.

Beeks, District Judge, dissented.

**148**

Edward A. Friend, San Francisco, Cal., for appellant.

Graham James & Rolph, Francis L. Tetreault, and LaForest E. Phillips, Jr., San Francisco, Cal., for appellee.

Before HAMLIN and DUNIWAY, Circuit Judges, and BEEKS, District Judge.

HAMLIN, Circuit Judge.

In bankruptcy proceedings pertaining to the insolvent estate of Future Manufacturing Cooperative, Inc., bankrupt, a referee in bankruptcy declared an attachment lien of a creditor of the bankrupt to be null and void. Upon a petition to review the referee's order the United States District Court for the Northern District of California, Southern Division, 165 F. Supp. 111, vacated and set aside the referee's order on the ground that the two-year period of limitations for actions taken by trustees in bankruptcy had expired. Tom Samuels, trustee in bankruptcy of said bankrupt and appellant herein, timely filed an appeal to this court which has jurisdiction under section 24 of the Bankruptcy Act, 11 U.S.C.A. § 47, and 28 U.S.C.A. § 1291.

The following facts are shown by the record.

Prior to January, 1956, Future Manufacturing Cooperative, Inc., herein called the bankrupt, was engaged in the grocery business in San Jose, California. On January 3, 1956, a fire occurred on the bankrupt's premises completely destroying its stock in trade. At that time the bankrupt had a policy of insurance with the Canadian Fire Insurance Company in the sum of $15,000. The loss from the fire exceeded the amount of the policy.

On January 11, 1956, Kockos Bros., appellee herein, filed an action in the Superior Court of the State of California in and for the City and County of San Francisco (No. 454879) against the bankrupt for $13,501 in which action Kockos Bros. secured a writ of attachment and served it with a notice of garnishment upon Canadian.

On January 30, 1956, a voluntary petition in bankruptcy was filed by the bankrupt. The referee in bankruptcy appointed Ralph E. Williams receiver of the estate, and as a part of said order all persons, firms, corporations and their agents were ordered to deliver forthwith to the receiver the assets of the bankrupt. Further, in said order all creditors were enjoined and stayed from in any way interfering with any assets of the bankrupt or instituting or prosecuting any actions against the bankrupt without the further order of the bankruptcy court. The record does not disclose that notice of the order appointing the receiver or of the restraining order was generally given by Williams.

Canadian, the garnishee in Kockos' state court action against the bankrupt, made no return on the writ of attachment and notice of garnishment served upon it. However, on February 2, 1956, it turned over to Williams as receiver the full proceeds of the $15,000 policy which it had issued to the bankrupt. Williams gave Canadian a receipt which recited, among other things, the following:

> "I will execute Proof of Loss to the Canadian Fire Insurance Company as soon as the exact amount has been determined after a check of the extensions on the inventory.

"I will also ask and request from the Court that all assignments and attachments now on these funds at Canadian Fire Insurance Company will be released."

On September 24, 1958, the trustee paid to the creditors of the bankrupt a first and final dividend in the sum of 20.94% of all unsecured claims allowed, the amount received by Kockos Bros. on its claim being $2,846.12.

On October 31, 1958, appellee, Kockos Bros., after having obtained a default judgment against the bankrupt on April 27, 1956, caused a writ of execution to be issued by the state court and levied on Canadian. Canadian filed a response thereto stating, "We have no assets of the Future Manufacturing Cooperative, Inc." On December 26, 1958, the appellee commenced an action (No. 485280) against Canadian in the same state court and in said action which is still pending appellee is attempting to recover from Canadian the amount of its judgment by reason of the attachment lien obtained in the previous action, the writ of execution issued subsequent to the judgment obtained therein, and the refusal of Canadian to pay pursuant to the levy.

The bankrupt's insolvent estate was closed and the receiver was discharged on December 31, 1958.

On March 19, 1959, three of the creditors of the bankrupt procured an order from the district court reopening the bankrupt estate and referring the matter to the referee. Tom Samuels, appellant herein, was regularly elected trustee. On May 5, 1959, he filed with the referee in bankruptcy a petition for an order adjudging the attachment and execution liens of appellee to be null and void insofar as they affect the $15,000 proceeds of the fire insurance policy of Canadian and for an order restraining appellee from further prosecuting its action (No. 485280) against Canadian. The referee issued an order to show cause upon said petition, and after hearing thereon the referee made findings of fact and conclusions of law. He declared that the above mentioned attachment and execution liens were null and void under the provisions of section 67, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 107, and he permanently restrained and enjoined appellee from taking any further proceedings in its then pending action (No. 485280) against Canadian.

A petition for review of the referee's order was filed in the district court and after hearing the district judge reversed, vacated and set aside the order of the referee. This appeal followed.

Section 67, sub. a(1) of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. a(1), provides that "[e]very lien against the property of a person obtained by attachment * * * within four months before the filing of a petition * * * under this act * * * shall be deemed null and void (a) if at the time when such lien was obtained such person was insolvent * * *." And under subdivision (4) of section 67, sub. a, 11 U.S.C.A. § 107, sub. a(4), "[t]he court shall have summary jurisdiction of any proceeding by the trustee * * * to hear and determine the rights of any parties under this subdivision. * * *"

Section 11, sub. e of the Bankruptcy Act, 11 U.S.C.A. § 29, sub. e, provides a time limit of two years "subsequent to the date of adjudication" within which the trustee may "institute proceedings in behalf of the estate upon any claim against which the period of limitation * * * had not expired at the time of the filing of the petition in bankruptcy." Applying this section the Supreme Court, in Herget v. Central Nat. Bank & Trust Co., 324 U.S. 4, 65 S.Ct. 505, 507, 89 L. Ed. 656 (1945), has held that a trustee was bound to "institute proceedings in behalf of the estate" to set aside and recover any preferential transfer (section 60 of the Bankruptcy Act, 11 U.S.C.A. § 96) "within two years subsequent to the date of adjudication." Section 11, sub. e would apply similarly to an action under section 67, sub. a of the Bankruptcy Act. See generally 1 Collier, Bankruptcy ¶ 11.13 (14th ed., Supp. 1961).

In this case the date of the adjudication was January 30, 1956, and

the proceeding to set aside the attachment lien which had been obtained within four months prior to the filing of the petition in bankruptcy was not brought by the trustee until May 5, 1959, over three years subsequent to adjudication. We agree with the district court that the trustee's action was not timely and was barred by the two-year statute of limitations as provided for in section 11, sub. e of the Bankruptcy Act, 11 U.S.C.A. § 29, sub. e.

Appellant urged before the district court that appellee is estopped from asserting the bar of the statute of limitations, but the district court refused to so hold. The court stated:

"The real party in interest in the petition to declare the lien null and void is the Canadian Fire Insurance Co., or possibly the trustee in his personal capacity. It does not appear that either the estate or the creditors of the estate, other than Kockos Bros., have an interest in the outcome of the petition. In these circumstances it seems to this Court that the statute of limitations should be construed so as to avoid the misuse of the bankruptcy courts."

We agree.

Our affirmance of the district court does not mean, however, that this court approves of the actions of appellee, that we are not sympathetic with the position in which Canadian finds itself, or that necessarily Canadian will be forced to pay twice because of the failure of the receiver in the bankruptcy proceedings to keep his promise and to bring his action to set aside the attachment lien in the orginal proceedings prior to the running of the statute of limitations. In the action (No. 485280) now pending in the California Superior Court against Canadian, Canadian can set up such defenses as it may have.[1]

The judgment of the district court is affirmed.

BEEKS, District Judge (dissenting).

I am in accord with my brothers in their refusal to approve the actions of appellee herein but further I cannot go.

The majority agrees with the court below that the cause of action involved herein is time barred and that appellant misused the bankruptcy court. I am satisfied that the latter conclusion influenced the former and I am unable to agree with either.

A reading of the entire record convinces me that the conduct of appellee was such that it should be held estopped to assert the statute of limitations.

Canadian Fire Insurance Company voluntarily turned over to the receiver the sum of $15,000.00 upon the condition that the receiver would ask and request from the court that all assignments and attachments on said money be released. This condition was never complied with. In fact, compliance was never even attempted. The receiver is an officer of the court (11 U.S.C.A. § 1(22); United States et al., to Use of Merchants & Manufacturers Securities Co. v. Johnson et al. (C.A.8—1938), 98 F.2d 462) and the injustice giving rise to the instant action thus resulted from the nonfeasance of an officer of the court.

The trial court and the majority of the court herein view this action as being instituted on behalf of Canadian Fire Insurance Company as the real party in interest. In a technical sense this is probably true as Canadian Fire Insurance Company would undoubtedly benefit if the action below had been successful. In a very real sense, however, the real party in interest is the Federal judicial system; confidence and respect in the ability of the Federal courts to mete out justice. I view this action as one seeking such an objective. The trustee, who like-

1. In the state court action a summary judgment for Canadian was reversed on the ground that several defenses of Canadian (e. g., waiver of security by participation in distribution of the bank-rupt's estate and estoppel) presented triable issues of fact. Kockos Bros. v. Canadian Fire Ins. Co., 195 Cal.App.2d 468, 16 Cal.Rptr. 93 (1961).

wise is an officer of the court (11 U.S. C.A. § 1(22); Pearson v. Higgins (C.A. 9—1927), 34 F.2d 27, cert. denied 280 U.S. 593, 50 S.Ct. 39, 74 L.Ed. 641), is seeking to correct an injustice resulting from the nonfeasance of another officer of the court, the receiver. It would appear that the majority, although recognizing that an injustice has been done, prefer to leave the correction to some other tribunal, the effect of which would be to sweep our own dirt under the rug in the hope that someone else will clean it up. In order to preserve the estates of bankrupts and to save needless expense to others in bankruptcy matters, voluntary action in the handing over of assets, such as was undertaken by Canadian Fire Insurance Company in this case, should be encouraged, not discouraged.

I think the referee reached the correct conclusion and I would reverse.