**In re SYNERGETICS, INC., Debtor.**

**Bankruptcy No. 88–00108.**

United States Bankruptcy Court,
N.D. Florida,
Gainesville Division.

June 11, 1990.

Floyd L. Matthews, Jacksonville, Fla., for Connecticut Gen.

Lansing J. Roy, Keystone Heights, Fla., for debtor.

## ORDER ON MOTION TO AMEND PROOF OF CLAIM

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

Connecticut General Life Insurance Company, a creditor in this Chapter 11 case filed a motion for leave to file an amended proof of claim to which the debtor-in-possession, Synergetics, Inc. has objected. Having considered the arguments of counsel together with the memorandum of law filed in support of the debtor's objection, and for the reasons set forth below the motion for leave to file an amended proof of claim will be denied.

On November 21, 1988, this Court entered an order setting a bar date for filing of proofs of claim for January 20, 1989. Connecticut General filed its original proof of claim in the amount of $24,720.00 on January 20, 1989. Subsequently thereto, we entered an order setting an amended bar date for the filing of proofs of claim for October 1, 1989. The basis for the original proof of claim filed by Connecticut General was a civil action brought by George Blewitt and Anne Blewitt, former employees of the debtor against Connecticut General and Synergetics, Inc. for failure to reimburse medical expenses incurred by the Blewitts. The Blewitt's cause of action arose out of a claim for group health insurance benefits under a policy issued by Connecticut General to Synergetics. Synergetics had failed to forward premium payments for the coverage to Connecticut General and accordingly Connecticut General denied coverage to the Blewitts for medical expenses incurred. Due to the failure of Synergetics to forward the premium payments to Connecticut General, coverage under the policy was cancelled on January

14, 1987. Connecticut General settled the lawsuit by the Blewitts on May 12, 1988 and through its proof of claim is seeking indemnity from Synergetics for the amounts it paid to the Blewitts.

In the amendment which Connecticut General seeks to make to its original proof of claim, Connecticut General adds additional sums which it paid out in a settlement of a similar action to Gary Sinkus and Lisa Davis a/k/a Lisa Sinkus. The Sinkus litigation arose out of a similar factual circumstance as did the Blewitt litigation with the Sinkus' having filed their lawsuit against Connecticut General on August 1, 1988. The Sinkus action was settled for the sum of $22,716.16 on December 19, 1989. By the amendment to its proof of claim, Connecticut General seeks indemnity from Synergetics for payment of the claim to the Sinkus' in addition to the claim of the Blewitts.

In its objection, the debtor asserts that even though the Sinkus litigation was filed well before the bar date for filing claims in this case, it failed to file any claim based on the Sinkus litigation notwithstanding the fact it was fully aware of its possible exposure in view of its settlement with the Blewitts. Thus, even though the Sinkus litigation had not actually been settled before the second bar date, thus liquidating Connecticut General's damages, it was still aware of the claim and had an obligation to file it. Even if it felt it could not actually file the proof of claim based on the Sinkus litigation, Connecticut General was aware of the possibility of liability and could have filed a motion prior to the bar date for an extension of time to file a proof of claim relating to the Sinkus claim when liability and amount was determined.

The circumstances under which an amended proof of claim may be filed are set out by the 11th Circuit in *In re International Horizons, Inc.*, 751 F.2d 1213 (11th Cir.1985). There the 11th Circuit stated the following guideline as to when an amended claim would be allowed:

> Thus in a bankruptcy case, amendment to a claim is freely allowed where the purpose is to cure a defect in a claim as originally filed, to describe the claim with a greater particularity or to plead a new

theory of recovery on the facts set forth in the original claim. *See, Szatkowski v. Meade Tool & Die Co.*, 164 F.2d 228, 230 (6th Cir.1947); *In re G.L. Miller & Co.*, 45 F.2d 115 (2nd Cir.1930). Still the court must subject post bar date amendments to careful scrutiny to assure that there was no attempt to file a new claim under the guise of amendment.

*In the Matter of Commonwealth Corp.*, 617 F.2d 415, 420 (5th Cir.1980). See, *Wheeling Valley Coal Corp. v. Mead*, 171 F.2d 916, 920 (4th Cir.1949). *Id.* at 1216 to 1217.

Here, while the original claim of Connecticut General and its amendment arise under very similar factual circumstances, they are in fact two separate and unrelated claims and accordingly the amendment of the proof of claim to add damages incurred as a result of the Sinkus action is not proper under the guidelines set forth in *International Horizons*. Accordingly, it is hereby

ORDERED AND ADJUDGED that the motion of Connecticut General Life Insurance Company for leave to file an amended proof of claim be and same is hereby denied.

DONE AND ORDERED.