In re HILLSBOROUGH HOLDINGS CORPORATION, et al., Debtors.

HILLSBOROUGH HOLDINGS CORPORATION, et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 89–9715–8P1.
Adv. No. 91–313.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 8, 1995.

Don M. Stichter, Tampa, Florida, Michael Crames, New York City, James D. O'Donnell, Jacksonville, Florida, for Plaintiffs.

Robert L. Welsh, DC, Scott J. Crosby, Washington, DC, for Defendant.

## ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a confirmed Chapter 11 case and the matter under consideration is a Motion for Partial Summary Judgment filed by Hillsborough Holdings Corporation (HHC), one of the several debtors involved in these procedurally consolidated Chapter 11 cases. The Motion is filed in the above captioned adversary proceeding commenced by the Debtors and involves a challenge by the Debtors to the allowability of one of the several claims filed by the United States of America (Government). The part of the claim under challenge is registered as Claim No. 1311 and is based on the alleged liability of the Debtors for federal income tax, federal payroll tax and including for "foreign withholding tax." This is an amended claim and was filed on October 4, 1993 or approximately eleven months after October 30, 1992, the bar date established earlier by this Court. According to HHC the claim based on "foreign withholding tax" set forth in the amended claim is a new claim, filed long after the bar date, is neither a clarification or correction of a previously timely filed claim by the Government thus it does not relate back to the original timely filed claim therefore it should be disallowed.

The facts relevant to the narrow issue as outlined above are really without serious dispute and may be briefly summarized as follows:

On December 27, 1989, HHC and 32 of its Affiliates filed their respective Petitions for Relief under Chapter 11 of the Bankruptcy Code. The Government filed its first Proof of Claim, Claim No. 189, on July 10, 1990. The claim is based on an alleged liability for income taxes for the years 1980, 1983 and 1984 in the amount of $37,504,153.97. This Proof of Claim was amended several times and superseded by Claim No. 246, Claim No. 253, Claim No. 1089 and Claim No. 1310, respectively. All these amendments changed the amounts claimed but all of them were based on corporate income tax liability and some FICA taxes in a minimal amount, but none of them asserted a claim for "foreign withholding tax" liability in the amount of $60,654 included for the first time in the last amendment, Claim No. 1311. This part of the Amended Claim No. 1311, the Claim presently under consideration and challenged by HHC who seeks a disallowance of this Claim on the basis that it is time barred.

It should be helpful to note the following at the outset.

In February, 1994 this Court entered two orders sustaining an objection to two claims

filed by the Government. The Proof of Claims registered respectively as Claim No. 1310 and 1311 raised for the first time an alleged tax liability of one of the affiliates of HHC, Jim Walter Resources (JWC), based on coal royalties for the fiscal years ending August 31, 1983 and August 31, 1984. In its Order the Court found and concluded that these claims, raised almost a year after the bar date, were new claims and not amendments of previously filed claims. Based on this, the Court struck from the claims anything which related to the coal royalty claims for the fiscal years noted earlier. The Government having been aggrieved by the ruling timely filed a Notice of Appeal. On January 26, 1995, the District Court affirmed this Court's Order striking the coal royalty claim.

■ In support of its opposition to the Motion for Partial Summary Judgment, the Government filed a Declaration of Joseph Johnson (sic) to be treated as an Affidavit. Mr. Johnson is a case manager of the Internal Revenue Service (IRS) Examination Group in Tampa, Florida. Mr. Johnson's Affidavit states that during the audit cycle between 1985 and 1987 conducted by the IRS, HHC and the Government exchanged issues which were in dispute and a liability for imputed interest income arising from intercompany transactions between Celotex Corporation (Celotex) which at that time was an affiliate of HHC's predecessor-in-interest, Jim Walter Corporation (JWC) and Carey of Canada, a foreign corporation. In the exchange of issues, according to Mr. Johnson, Issue No. IE–003 prepared by the International Examiner included the "foreign withholding tax" issue. Mr. Johnson further states in his Affidavit that at the meeting prior to the commencement of the Chapter 11 cases, the representatives of the IRS and HHC met and discussed the current status of issues concerning the audit relating to the tax years 1985, 1986 and 1987. One of the items on the list which was discussed included "foreign withholding tax" issue which was noted as "disagreed." This list was prepared by HHC and this issue was discussed at the meeting. In conclusion, Mr. Johnson states in his Affidavit, a statement which is obviously self-serving, that the IRS never intended to abandon the foreign tax issue.

In addition, it is the contention of the Government that the amendment under challenge, Claim No. 1311, merely increased the amount and the newly asserted claim included in Claim No. 1311 for foreign withholding tax liability "relates" to the same transactions which gave rise to the tax liability timely asserted. While the Government concedes that this Court has the discretion to recognize or refuse to recognize the proposed amendment, it would be an abuse of discretion not to recognize the same, first because all parties including, of course, the taxpayers, in this instance HHC and its affiliates, were fully aware of the tax liability claim based on foreign withholding tax; second that it would be inequitable to disallow the amendment because the Bankruptcy Court must be guided by the principles of equity, and the Court must act to insure that "fraud will not prevail, and substance will not give way to form, that technical considerations will not prevent substantial justice from being done." *Pepper v. Litton,* 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939).

■ It is a generally accepted proposition that amendments to a claim are freely allowed when the purpose of the amendment is to cure a defect in the claim originally filed, to describe the claim already asserted with greater particularity or to plead a new theory of recovery, but only if the amendment is based on the same facts which were the basis for the claim set forth in the original claim. *Szatkowski v. Meade Tool & Die Co.,* 164 F.2d 228, 230 (6th Cir.1947); *In re G.L. Miller & Co.,* 45 F.2d 115 (2d Cir.1930). It is equally recognized, however, that claims filed past the bar date will be carefully scrutinized to assure that the amendment is truly an amendment of the claim originally and timely filed and not really a disguised attempt to file a new claim. *In the Matter of Commonwealth Corp.,* 617 F.2d 415, 420 (5th Cir.1980); *Wheeling Valley Coal Corp. v. Mead,* 171 F.2d 916, 920 (4th Cir.1949).

The Government in its brief submitted in support of the opposition glosses over the fact that the District Court affirmed this Court's decision which involved the identical factual scenario, a decision which struck the

coal royalty claims of the Government which this Court found to be a new claim and not truly an amendment. The Government attempts to characterize the claims filed in this instance as merely changing the amount of the claims from the original amount of $37,-504,153.97 to the ultimate number of $110,-560,883.34. This Court is constrained to reject this characterization for the reason that it is quite evident that the claim for "foreign withholding tax" is totally and entirely different from the basis of all claims timely and previously filed by the Government, all of which were based on corporate income tax liability and some small amount of FICA taxes. The Eleventh Circuit Court of Appeals considered the identical question in the case of *In re International Horizons,* 751 F.2d 1213 (11th Cir.1985). In this case the Eleventh Circuit affirmed the decision of the District Court which in turn affirmed the decision of the Bankruptcy Court which struck an amended claim of the Government on the basis that the amendment was in fact asserting a new claim and, therefore, to include this claim in a claim filed after the bar date was untimely and was properly disallowed. The Eleventh Circuit gave short shrift to the argument that in light of the fact that the Debtor's were fully aware of the claim of the IRS therefore it would be inequitable to disallow this newly raised claim because according to the Eleventh Circuit there was never anything in the record which would indicate that anyone in the case, including the debtors, were aware that the Government intended to assert a corporate income tax claim prior to the bar date. The Bankruptcy Court in *In re International Horizons,* 31 B.R. 723 (Bankr.N.D.Ga.1983), considered the case relied on by the Government in this instance in *Menick v. Hoffman,* 205 F.2d 365 (9th Cir.1953), and held that Menick had little precedential value and its value was limited to its factual setting in which notice to the individual's business of a claim for withholding taxes also constituted notice to the individual of his income tax liability. The Bankruptcy Court expressly held that the Notice of the existence of a claim is not sufficient to establish a claim in a bankruptcy case and a creditor has an affirmative duty to file a Proof of Claim. In *International Horizons, supra,* the timely filed claims were limited to withholding and FUTA taxes and had no mention of any corporate income tax liability just as in the present instance where none of the timely filed claims ever asserted a claim for foreign withholding tax liability. The fact that prior to the commencement of the case this was an issue discussed and disputed is not tantamount to a notification that the Government will assert a claim based on foreign withholding tax liability. The contention of the Government that the amendments merely changed the amount has little if any persuasive force in light of the undisputed record of this case. The Government had numerous opportunities to amend its original claims and nothing prevented the Government from including the claim for foreign withholding tax liability in the four previous amendments. This Court is equally unpersuaded by the argument that it would be unfair and an abuse of discretion to disallow this claim since in the scheme of things this is almost a de minimis claim especially in light of the fact of the other pending claims of the Government in excess of $110 million, and the total claims filed in these cases which exceeds $2 billion. While it is true the amount involved is small, a recognition of this amendment is fraught with danger since it would open the door for additional amendments raising new claims relying on an allowance of this amendment as a controlling precedent.

Based on the decision of the District Court concerning the coal royalty cases and the Eleventh Circuit decision in the case of *International Horizons,* this Court is satisfied that the principles established by those cases compel and produce no other result but to grant the Motion of HHC for partial summary judgment coupled with the fact that there are no genuine issues of facts which would prevent a summary disposition of this particular issue.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Partial Summary Judgment filed by the Debtor be, and the same is hereby, granted and the claim asserted in amended Claim No. 1311 for foreign withholding tax liability in the amount of

$60,654 be, and the same is hereby, disallowed with prejudice.

DONE AND ORDERED.